# PUBLIC CITIZEN HEALTH RESEARCH GROUP

v.

# UNITED STATES DEPARTMENT OF LABOR et al., Appellants.

## No. 78-1642.

United States Court of Appeals, District of Columbia Circuit.

Oct. 31, 1978.

Before BAZELON and McGOWAN, Circuit Judges.

## ORDER

PER CURIAM.

Upon consideration of appellee's motion for summary affirmance, appellants' motion for summary reversal, the responses thereto, and the record in this case, and for the reasons expressed in the accompanying memorandum, it is

ORDERED by the Court that the motion for summary affirmance is denied, the motion for summary reversal is granted, and the case is remanded for further proceedings not inconsistent with the accompanying memorandum.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge, was a member of this panel, but did not participate in the foregoing order.

## MEMORANDUM

In the opinion of this Court, the District Court should have looked at the secret, *in camera* affidavit of Mr. Miller explaining why the disclosure of the two lines would cause extreme injury to his interest in personal privacy. While the District Court did have a document to examine (Mr. Miller's Standard Form 171), the two-line item on that form does not alone explain the reasons behind the claim of exemption under 5 U.S.C. § 552(b)(6). The only matter available to the court that would have enabled it to properly decide *de novo* the propriety of Miller's claim that the material was exempt from disclosure was the proffered *in camera* affidavit. Since the District Court has the duty to decide the case on the fullest offered record, it should not have refused to examine the affidavit. *See Phillippi v. Central Intelligence Agency*, 178 U.S.App.D.C. 243, 246–247, 546 F.2d 1009, 1012–1013 (1976).

In addition, the language of 5 U.S.C. § 552(b)(6) ". . . would constitute a clearly unwarranted invasion of personal privacy" has been interpreted by this Court as requiring a balancing of the interest in personal privacy against the public interest in disclosure. See *Rural Housing Alliance v. United States Dept. of Agr.*, 162 U.S. App.D.C. 122, 126–127, 498 F.2d 73, 77–78 (1974), and *Getman v. NLRB*, 146 U.S.App. D.C. 209, 450 F.2d 670 (1971). Since this is a balancing test, any invasion of privacy can prevail, so long as the public interest balanced against it is sufficiently weaker. The threat to privacy thus need not be patent or obvious to be relevant. It need only outweigh the public interest.