**CITIZENS FOR ENVIRONMENTAL QUALITY, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant.**

**Civ. A. No. 83–3763.**

United States District Court, District of Columbia.

Oct. 29, 1984.

Eric R. Glitzenstein, Arlene E. Kanter, Alan B. Morrison, Public Citizen Litigation Group, Washington, D.C., and Charles Sheroke, Coeur d'Alene, Idaho, for plaintiff.

Laura F. Einstein, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

FLANNERY, District Judge.

This matter is before the court on the parties' cross-motions for summary judgment on the issue of the availability of exemption 6 of the Freedom of Information

Act to allow defendant United States Department of Agriculture to withhold results of a medical test administered by defendant, and on plaintiff's motion to reject the *in camera* affidavit submitted voluntarily by defendant. For reasons set forth below, defendant's motion for summary judgment will be denied, and plaintiff's motion for summary judgment will be granted. Plaintiff's motion to reject the *in camera* affidavit will also be granted.

## I. *Background*

By letter dated May 30, 1983, plaintiff Citizens for Environmental Quality ("CEQ") requested copies of the results of all health tests which have been performed on Forest Service employees as well as any other data relative to health effects in connection with herbicide spraying in the Avery Ranger District of the Idaho Panhandle National Forest. CEQ's request was denied by letter dated June 14, 1983, on the ground that it sought information of a "private, intimate nature" and thus was exempt from disclosure under exemption 6 of the Freedom of Information Act (FOIA). 5 U.S.C. § 552(b)(6). CEQ appealed that decision, requesting only results of health tests and removal of all details that would allow identification of the subjects, but the denial of access to the health test data was affirmed. Although the methodology used by the Forest Service in monitoring health effects of herbicide application was released, defendant asserted that the personal privacy of the single individual sampled in the Avery Ranger District test could not be protected by removing identifying details from the test results. The Forest Service also asserted that upon review of the methodology used, the results of the single urinalysis were meaningless. CEQ again appealed the action of the Forest Service regarding the health test results, but the denial was reaffirmed. Plaintiff commenced suit on December 16, 1983, and defendant filed its answer on January 16, 1984.

The government contends that disclosure of the test results, even if the name of the tested employee is withheld, would constitute a "clearly unwarranted invasion of personal privacy" of the individual tested. Therefore, because the documents sought are medical records, the government argues that both requirements for nondisclosure under FOIA exemption 6 are satisfied. Defendant alleges that it is "publicly known" in the community where the herbicide spraying was conducted that the individual tested was a resident of Avery, Idaho. Therefore, because there were only eight Forest Service employees present during the herbicide application, only four of whom were residents of Avery, and only two of these individuals occupied the technical positions that exposed them to the herbicide, the identity of the employee tested could so readily be deduced from the facts widely known about the herbicide spraying that all identifying information pertaining to that employee as well as the actual health test results must be withheld to protect that individual's privacy, as promised when the tests were conducted. The government further argues that the public interest in the test results is insignificant because the results are "virtually valueless" due to the methodology used, and because release of the test results could confuse the public given the public's "tendency" to assume that a document made public by an agency reflects that agency's official position.

Plaintiff argues that the government is merely speculating that the people of Avery know enough about the herbicide test to identify the subject, and that the "fragmented, circumstantial" evidence available to even those who are "intimately familiar" with the USDA's herbicide program is insufficient to permit identification. Further, plaintiff argues that any risk of identification that does exist stems entirely from the government's voluntary, post-litigation disclosure of information not sought by CEQ, such as the total number of Forest Service employees participating in the herbicide program and the residence of the subject of the test. Because the government is responsible for any risk of identification, plaintiff argues, defendant should

not be allowed to argue that disclosure of nonidentifying information would create an invasion of privacy. Finally, CEQ claims that the public interest in the test results is significant, since valid inferences regarding the effects of herbicide spraying can be made from the results, despite any methodological defects. Further, even if the results really are "meaningless," as defendant asserts, CEQ argues that the public has an interest in learning that defendant is not abiding by its alleged commitment to effectively monitor the health effects of herbicide spraying.

Among the affidavits submitted in support of the pending motions for summary judgment was an *in camera* affidavit from the subject of the herbicide test, which was submitted voluntarily by defendant. Plaintiff argues that the court should not consider this affidavit because it was submitted without permission, is unnecessary to resolution of the issues, and frustrates the adversary process. Defendant asserts that the *in camera* affidavit provides valuable facts to assist the court in its *de novo* review.

Both parties have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Plaintiff claims that it is entitled to the health test results as a matter of law under the Freedom of Information Act. Defendants argue that exemption 6 of FOIA justifies nondisclosure of the health test results as a matter of law. Plaintiff has also moved for rejection of the *in camera* affidavit.

## II. *Discussion*

### A. Summary judgment

A motion for summary judgment is properly granted only when no material fact is genuinely in dispute and the movant is entitled to prevail as a matter of law. In assessing the motion, all inferences to be drawn from the underlying facts contained in the movant's materials must be viewed in the light most favorable to the party opposing the motion. "Indeed, 'the record must show the movant's right to [summary judgment] "with such clarity as to leave no room for controversy," and must demonstrate that his opponent "would not be entitled to [prevail] under any discernible circumstances." ' " *National Ass'n of Gov't Employees v. Campbell*, 593 F.2d 1023, 1027 (D.C.Cir.1978).

■■■ Summary judgment must be denied if it depends upon any fact that the record leaves susceptible of dispute. *Id.* A party opposing summary judgment is required to proffer rebuttal evidence only if its omission enables the movant to satisfy his burden of showing that no meaningful issue of material fact remains. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970); *Davis v. Chevy Chase Financial Limited*, 667 F.2d 160, 172 (D.C.Cir.1981). The court's function at this stage is not factfinding or the resolution of factual issues pertinent to the controversy, but rather to ascertain whether factfinding is essential to disposition of the litigation. *Campbell*, 593 F.2d at 1027, 1029. It is in light of these admonitions that the court reviews the pending motions for summary judgment.

### B. Exemption 6

■■■ Under exemption 6 of the Freedom of Information Act, an agency need not disclose "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). When confronted with a challenge to an agency's decision to withhold records under this exemption, courts must engage in a two-step *de novo* inquiry to determine first whether the information sought is to be found in personnel, medical, or similar files, and, if so, whether its release would constitute a "clearly unwarranted invasion of personal privacy." *Arieff v. United States Dep't of the Navy*, 712 F.2d 1462, 1466 (D.C.Cir.1983); *Washington Post Co. v. United States Dep't of Health and Human Services*, 690 F.2d 252, 260 (D.C.Cir. 1982). The first inquiry need not detain us here, as the parties are in agreement that

the information sought by plaintiff is contained in "personnel, medical, or similar files." *See* Defendant's Statement of Material Facts as to Which There is No Genuine Issue, Pursuant to Local Rule 1–9(i) at ¶ 11; Plaintiff's Response to Defendant's Statement of Material Facts as to Which There is No Genuine Issue at ¶ 11.

■ In resolving the second inquiry under exemption 6, whether disclosure would constitute a "clearly unwarranted invasion of personal privacy," the court is required to balance the public interest in disclosure against privacy interests, keeping in mind Congress' "dominant objective" under FOIA to provide full disclosure. *Washington Post Co. v. United States Dep't of Health and Human Services*, 690 F.2d at 260. FOIA's requirement that disclosure be "clearly unwarranted" instructs the court to "tilt the balance [of disclosure interests against privacy interests] in favor of disclosure," recognizing that the presumption in favor of disclosure under exemption 6 "is as strong as can be found anywhere in the Act." *Id.* at 261.

Balancing the public interest in disclosure against privacy interests involves three steps. First, the court determines whether disclosure would create an invasion of privacy at all, and, if so, how serious. It then evaluates the public interest in disclosure. Finally, these competing interests are balanced to decide whether the invasion is "clearly unwarranted." *Id.* Regarding the extent of any privacy invasion, defendant urges that the promise of confidentiality made to the subject of the urinalysis weighs heavily against disclosure. Defendant's Motion for Summary Judgment at 12. While such a pledge is clearly not dispositive on the question of whether disclosure would create an invasion of privacy, and, if so, the extent of that invasion, the court recognizes that a "good faith pledge of confidentiality should generally be given weight on the privacy side of the scale in accord with its effect on expectations of privacy." *Id.* at 263.

■ To establish the existence and extent of any invasion of privacy created by disclosure in this case, defendant must first show that the public would be able to link the disclosures requested by plaintiff with the subject of the USDA's health tests. It is clear that the likelihood of such identification must be "more palpable than [a] mere possibilit[y]." *Department of the Air Force v. Rose*, 425 U.S. 352, 362, 380, 96 S.Ct. 1592, 1599, 1608, 48 L.Ed.2d 11 (1976). Rather, the exemption applies only if the government's records on the medical condition of the subject of the USDA's test "*can* be identified as applying to that individual ...." *Id.* at 380 n. 19, 96 S.Ct. at 1608 n. 19 (emphasis by the Court). An increased likelihood of speculation as to the subject of the test is insufficient to invoke the exception. Only the likelihood of actual identification justifies withholding the requested documents under exemption 6. *Arieff v. United States Dep't of the Navy*, 712 F.2d 1462, 1468 (D.C.Cir.1983).

Defendant offers several affidavits to support its contention that the subject of the USDA tests is identifiable and thus that disclosure of the test results would result in an invasion of his privacy. These affidavits are not, however, sufficient to sustain the government's burden under exemption 6 of showing that the test results can be identified to an individual. Although one of defendant's affiants, an employee of USDA, states that the circumstances surrounding the herbicide testing were "publicly known," and thus that the identity of the employee tested for exposure "could be ... readily deduced," Hart Affidavit at ¶ 6, the basis for these conclusory statements is never offered. A second affiant, also a USDA employee, states that he was told by the employee who was tested that "several people have asked him whether he was the employee tested" and that "speculation" has focused on two individuals. Thom Affidavit at ¶ 8. However, the government has failed to submit affidavits from any members of the community who are allegedly able to identify the employee tested. *See* Plaintiff's Reply Memorandum in Support of its Motion for Summary Judgment and in Opposition to De-

fendant's Motion for Summary Judgment at 6. Indeed, the government now contends that it "is *not* attempting to establish that every person, or any one person, in the Avery, Idaho community knows the identity of the individual who underwent the tests. Defendant asserts only that, given the circumstances surrounding the spraying, some residents of Avery could logically deduce this individual's identity." Memorandum of Points and Authorities in Further Support of Defendant's Motion for Summary Judgment at 5 (emphasis in original). Nor has defendant supplied evidentiary details to support its conclusion that knowledge of the circumstances surrounding the tests was public prior to the USDA's post-litigation disclosures. *See* Hart Affidavit at ¶ 6.

 Although an agency may satisfy its burden of demonstrating that requested documents fall under an exemption to FOIA by providing affidavits, it is well-settled that "conclusory allegations unsupported by factual data will not create a triable issue of fact." *Exxon Corp. v. Federal Trade Comm'n,* 663 F.2d 120, 126–27 (D.C.Cir.1980). Under FOIA, defendant has the burden of showing affirmatively the applicability of any exemption it seeks to assert, *see id.* at 126, with the burden under exemption 6 as heavy as can be found anywhere in the Act. *See Washington Post Co. v. United States Dep't of Health and Human Services,* 690 F.2d at 261. Instead, defendant claims that plaintiff's alleged failure to prove that facts identifying the individual tested were *not* known to the general public requires the conclusion that there is no genuine issue of material fact as to what was publicly known, and thus that summary judgment for defendant is proper. *See* Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Further Support of Defendant's Motion for Summary Judgment at 4 & n. 2; *see also* Memorandum of Points and Authorities in Further Support of Defendant's Motion for Summary Judgment at 5. This position misconstrues both the government's general burden under FOIA and the movant's

burden under a motion for summary judgment. *See Davis v. Chevy Chase Financial Limited,* 667 F.2d 160, 172 (D.C.Cir. 1981); *Weisberg v. United States Dep't of Justice,* 627 F.2d 365, 368 (D.C.Cir.1980); *Campbell,* 593 F.2d at 1029. USDA's affidavits, alleging what was "commonly known" about the USDA employees engaged in herbicide application and the resulting "speculation" surrounding the identity of the employee tested, are either too conclusory to create a triable issue of fact for this court to decide or allege only speculation and possibilities which the Supreme Court and the Court of Appeals for the D.C. Circuit have held to be insufficient to invoke exemption 6 as a matter of law. *See Rose,* 425 U.S. at 380, 96 S.Ct. at 1608; *Arieff,* 712 F.2d at 1468. Plaintiff, on the other hand, has come forth with affidavits asserting from the personal knowledge of the affiants, who were residents of the Avery, Idaho area and deeply interested in the USDA's herbicide application program, that they could not identify the subject of the tests from available information and that they knew of no one who could. *See* Hoglund Affidavit at ¶ 3; Dickison Affidavit at ¶¶ 3, 4.

Based on the court's holding that defendant's affidavits failed to withstand plaintiff's motion for summary judgment on the issue of whether disclosure will create a danger of invasion of privacy at all, it is not necessary for the court to resolve the balance between any invasion of privacy and the public's interest in disclosure. *See Washington Post Co. v. United States Dep't of Health and Human Services,* 690 F.2d at 261. Nevertheless, the court is compelled to point out that despite any "potential" methodological flaws in the health tests administered by USDA, defendant has failed to controvert plaintiff's expert's contention that valid inferences regarding the effects of herbicide spraying can be made from the results. While it may be "possible" that the individual tested was exposed to the chemicals found in his urine prior to the spraying administered by USDA, thus rendering the results less

valuable if not useless, whether or not the subject of the test was *in fact* exposed to those chemicals in the week prior to the test is information uniquely within the possession of the government. *See* Witt Affidavit at ¶ 8; Shearer Affidavit at 3. Similarly, the effect of such variables as the subject's general health or medicines he was taking *may* render the test results less useful, but defendant again has failed to assert any facts upon which the court could conclude that the individual tested in fact had a health problem or was taking medicines which would skew the test results. *See* Witt Affidavit at ¶ 7. Therefore, although methodological defects may preclude broad generalizations on the basis of this test, and although the results possibly may not be the most accurate basis for estimating the precise exposure to which the individual was subjected, *see* Witt Affidavit at ¶¶ 3, 6, the government has failed to controvert plaintiff's contention that valid inferences from the test results may nonetheless be possible. In this light, defendant's assertion that release of the test results could "confuse or mislead" the public given the public's "tendency" to equate release of such tests with official validation of their results, *see* Defendant's Motion for Summary Judgment at 11–12, is particularly unpersuasive. The purpose of FOIA is to provide for disclosure of government documents so that the public may draw its own conclusions. *See Washington Post Co. v. United States Dep't of Health and Human Services,* 690 F.2d at 264. In passing FOIA, "Congress was all too aware of the '[i]nnumerable times' that agencies had withheld information under prior law 'only to cover up embarrassing mistakes or irregularities.'" *Id.* Even if the government had not made a specific commitment to monitor the spraying of this particular herbicide in this particular location as plaintiff alleges, the fact that USDA performed these tests and obtained results is of obvious interest to residents of the area in which the spraying took place. As to the methodological problems and any inferences to be drawn from these tests, this court

prefers, and FOIA mandates, that those conclusions be left to the public.

**C. Plaintiff's motion to reject defendant's *in camera* affidavit.**

■ Finally, the court holds that it is unnecessary for it to consider defendant's *in camera* affidavit to evaluate the validity of the government's assertion of exemption. The court finds that the *in camera* affidavit of the Forest Service employee who consented to the urinalysis is not "absolutely necessary" to evaluate the government's claim that citizens in Avery know enough of the facts surrounding the herbicide testing to identify the subject of the test. *See Arieff v. United States Dep't of the Navy,* 712 F.2d 1462, 1471 (D.C.Cir. 1983). Implicit in this holding is the court's opinion that the validity of the government's assertion of exemption can be evaluated with information contained in public affidavits and records, and that the usefulness of the opinions of the subject of the test does not rise to the level required to justify *in camera* submission. *See Arieff,* 712 F.2d at 1471; *Public Citizen Health Research Group v. United States Dep't of Labor,* 591 F.2d 808, 809 (D.C.Cir.1978) (per curiam).

**D. Conclusion**

■ For these reasons, the court holds that the allegations in defendant's affidavits have failed to create a triable issue of fact for this court to decide. In light of the heavy burden on the government under exemption 6, and the government's failure to submit facts creating more than a "mere possibility of identification or to controvert plaintiff's assertion of the public's interest in the documents sought, the court shall deny defendant's motion for summary judgment and grant plaintiff's motion for summary judgment. Defendant shall release to plaintiff copies of the results of health tests performed on the Forest Service employee involved in the 1982 herbicide project in the Avery Ranger District which have been withheld by defendant pursuant to exemption 6 of the Freedom of

Information Act. Defendant shall be permitted to delete the name of the employee tested and other similar identifying details. Plaintiff's motion to reject defendant's *in camera* affidavit shall be granted.

An appropriate Judgment accompanies this Memorandum.