Woody VOINCHE, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATION,**
Defendant.

Woody Voinche, Plaintiff,

v.

Federal Bureau of Investigation,
Defendant.

Nos. Civ.A. 96–2307(PLF),
Civ.A. 97–2788(PLF).

United States District Court,
District of Columbia.

April 8, 1999.

Woody Voinche, Marksville, LA, pro se.

Alexander D. Shoaibi, Assistant United States Attorney, Washington, D.C., for defendant.

## OPINION

PAUL L. FRIEDMAN, District Judge.

Plaintiff Woody Voinche, proceeding *pro se*, brought these civil actions to challenge the responses of the Federal Bureau of Investigation to two separate requests he made for documents under the Freedom of Information Act, 5 U.S.C. § 552. In each case, the FBI withheld responsive information on the basis of certain exemptions set forth in the FOIA. Given the similarities between the legal issues arising in both cases, the Court consolidated the two actions and set a briefing schedule for dispositive motions. Having now reviewed the FBI's motions for summary judgment, the memoranda of law submitted by the parties and the entire record herein, the Court concludes that the FBI has provided sufficient information for the Court to review the FBI's invocation of the exemptions for only some of the withheld material and has at this point justified its decisions to withhold some but not all of the withheld material. The Court therefore grants summary judgment in part and denies it in part.

## I. BACKGROUND

In Civil Action No. 96–2307, Mr. Voinche challenges the FBI's response to his FOIA requests for documents pertaining to a wiretapping investigation involving a number of Louisiana politicians and for any documents pertaining to the investigation that mentioned his name. In response to his request, the FBI produced in their entirety 205 documents comprising 500 pages that were in the public domain and a two-page document with redactions.

The FBI withheld all other responsive documents under Exemption 1 protecting classified information, Exemption 7(A) protecting materials relating to an ongoing investigation, and Exemption 7(C) protecting materials implicating the privacy interests of third parties. *See* 5 U.S.C. § 552(b).

In Civil Action No. 97–2788, Mr. Voinche challenges the FBI's response to his request for documents regarding the wiretapping of telephones in Cincinnati, Ohio. The FBI reviewed 99 pages of responsive material and released either 85 or 87 pages at least in part. The FBI withheld the other responsive documents in their entirety.[1] It justifies its nondisclosure of documents and redactions of the released documents on the basis of Exemption 2 protecting information relating solely to internal personnel rules and practices, Exemption 7(C), and Exemption 7(D) protecting the identity of confidential sources.

## II. DISCUSSION

■ In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981); *see also Vaughn v. Rosen,* 484 F.2d 820, 826 (D.C.Cir.1973), *cert. denied.* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the

---

1. The materials released to the plaintiff by the FBI include forms indicating that 14 pages of material were withheld in their entirety, contradicting the FBI's statement that it withheld 12 pages of material in their entirety. *Compare* Second Declaration of Scott Hodes, Exh. B *with* Defendant's Motion for Summary Judgment at 2.

Act's inspection requirements." *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C.Cir.1978). The FOIA requires that "[a]ny reasonably segregable portion of a record" must be provided "after deletion of the portions which are exempt." 5 U.S.C. § 552(b). As a result, before withholding a document in its entirety, the agency must demonstrate that it cannot segregate the exempt material from the non-exempt and disclose as much as possible. *See Summers v. Department of Justice*, 140 F.3d 1077, 1081 (D.C.Cir.1998); *Kimberlin v. Department of Justice*, 139 F.3d 944, 949 (D.C.Cir.1998).

The issues before the Court in these cases are whether the declarations submitted by the FBI are sufficiently detailed to enable the Court to determine if the exemptions were applied appropriately and, if so, whether the exemptions were properly invoked to withhold certain documents or portions of certain documents.

### A. Exemption 1

Exemption 1 of the FOIA protects from disclosure information which falls "under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and ... [is] in fact properly classified pursuant to such Executive Order." 5 U.S.C. § 552(b)(1). In Civil Action No. 96–2307, the FBI withheld a two-page document containing information concerning plaintiff on the basis of Executive Order 12,958, which "prescribes a uniform system for classifying, safeguarding, and declassifying national security information." 60 Fed.Reg. 19,825 (1995). The government asserts that Supervisory Special Agent Sherry L. Davis followed the procedural and substantive criteria of Executive Order 12,958 in determining whether to withhold certain requested information, and in her declaration Special Agent Davis detailed the specific steps that she took to comply with Executive Order 12,958. *See* Declaration of Sherry L. Davis ("Davis Decl.") ¶¶ 3–5.

The single document that was withheld under Exemption 1 was classified as Secret "since the unauthorized disclosure of this information reasonably could be expected to cause serious damage to national security." Davis Decl. ¶ 4. The withheld document concerned intelligence activities (including special activities), sources or methods, or cryptology and, according to Special Agent Davis, is precisely the type of information that should be withheld under Section 1.5(c) of Executive Order 12,-958. *Id.* ¶ 6. Special Agent Davis asserts that the information being withheld was obtained by a specific intelligence activity or method and that it is "so unique that any further description or release would identify not only the specific intelligence gathering activity or method, but the specific target of the activity or method as well." *Id.* ¶ 8. She further contends that the disclosure of such information "could reasonably be expected to cause serious damage to the national security as it would reveal a specific intelligence activity or method and effective means of gathering intelligence information." *Id.* ¶ 9.

Agency affidavits and declarations with respect to documents withheld under Exemption 1 are accorded "substantial weight" because "the Executive departments responsible for national defense and foreign policy matters have unique insights into what adverse affects [sic] might occur as a result of public disclosures of a particular classified record." *Krikorian v. Department of State*, 984 F.2d 461, 464 (D.C.Cir.1993) (quoting *Military Audit Project v. Casey*, 656 F.2d at 738). While the affidavits or declarations "must show, with reasonable specificity, why the documents fall within the exemption," *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 30 (D.C.Cir.1998) (quoting *Hayden v. National Security Agency*, 608 F.2d 1381, 1387 (D.C.Cir.1979)), that test is met here. Special Agent Davis' declaration is as specific as possible regarding the type of information that was withheld, the applicability of Executive Order 12,958, and the

invocation of Exemption 1. It adequately describes "the context and nature of the withheld information." *Campbell v. United States Dep't of Justice,* 164 F.3d at 31. In addition, there is no evidence of agency bad faith and no evidence in the record that contradicts the representations of Special Agent Davis. *See Halperin v. CIA,* 629 F.2d 144, 148 (D.C.Cir.1980). On the basis of the Davis Declaration, the Court concludes that the agency properly invoked Exemption 1 and that the document was properly withheld.

### B. Exemption 2

Exemption 2 of the FOIA exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). In interpreting this provision, our court of appeals has limited its use to material which is not only internal, but which also relates to an existing agency rule or practice. *See Schwaner v. Department of the Air Force,* 898 F.2d 793, 794–96 (D.C.Cir.1990). Exemption 2 applies primarily to two types of materials: (1) internal agency matters so routine or trivial that they could not be "subject to ... a genuine and significant public interest," and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. *Department of Air Force v. Rose,* 425 U.S. 352, 369–70, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *see National Treasury Employees Union v. United States Customs Service,* 802 F.2d 525, 528–30 (D.C.Cir.1986); *Crooker v. Bureau of Alcohol, Tobacco and Firearms,* 670 F.2d 1051, 1073–74 (D.C.Cir.1981).

■ The FBI has invoked Exemption 2 in Civil Action No. 97–2788 to withhold the file number for an informant and the current telephone extension of the Public Corruption Unit of the FBI's Criminal Investigation Division. Second Declaration of Scott Hodes ("Second Hodes Decl.") ¶¶ 21–26. As Mr. Hodes points out, if the informant file number were released it would

reveal that the same informant had provided information to the FBI with respect to a large number of documents. *See id.* ¶¶ 23–24. The Court agrees that the public interest in this information is outweighed by the interest in protecting informants and their identities. *See id.* ¶ 24. The disclosure of this internal information could result in the circumvention of FBI law enforcement procedures and there is no significant public interest in the disclosure of identifying codes or similar information with respect to informants. *See Lesar v. United States Dep't of Justice,* 636 F.2d 472, 485–86 (D.C.Cir.1980); *Albuquerque Publishing Co. v. United States Dep't of Justice,* 726 F.Supp. 851, 854 (D.D.C.1989). The telephone number of the Public Corruption Unit is a trivial administrative matter of no genuine public interest. *See Founding Church of Scientology v. Smith,* 721 F.2d 828, 830 n. 4 (D.C.Cir.1983). The information therefore may be withheld under Exemption 2.

### C. Exemption 7

Exemption 7 protects from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records" would cause one of six enumerated harms. 5 U.S.C. § 552(b)(7). In each case before the Court, the FBI asserts two of the six harms available to justify withholding certain materials. In each case, it also represents, without contradiction, that the requested documents were compiled for law enforcement purposes. *See* Declaration of Nancy L. Steward ("Steward Decl.") ¶¶ 21–22; Second Hodes Decl. ¶ 9. The threshold requirement that the records were compiled for law enforcement purposes therefore has been satisfied. *See King v. United States Dep't of Justice,* 830 F.2d 210, 229–30 (D.C.Cir.1987) (*citing Pratt v. Webster,* 673 F.2d 408, 420–21 (D.C.Cir.1982)); *Cowsen–El v. United States Dep't of Justice,* 826 F.Supp. 532, 534 (D.D.C.1992). The issue before the Court is whether defendant has properly

asserted the specific harms identified in Exemption 7 to justify nondisclosure.

### 1. Exemption 7(A)

■ Exemption 7(A) of the FOIA protects from mandatory disclosure "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). A defendant must demonstrate that (1) a law enforcement proceeding is pending or prospective, and (2) release of the information could reasonably be expected to cause some articulable harm to the proceeding. *See Butler v. Department of the Air Force,* 888 F.Supp. 174, 183 (D.D.C.1995) (and cases cited therein), *aff'd,* 116 F.3d 941 (D.C.Cir.1997).

In Civil Action No. 96-2307, the FBI invokes Exemption 7(A) to withhold all non-public records found in its file on its investigation of the Louisiana politicians (NO file 194A–NO–58138). *See* Steward Decl. ¶ 20. The withheld records "include investigative materials, evidentiary materials and witness statements." *Id.* The FBI claims that the public release of this information "could permit a potential defendant to anticipate (and possibly negate) incriminating evidence which may be used in a future prosecution, determine the future course of an investigation, and/or determine the identities of persons contacted or of persons who may be contacted in the future." *Id.* The provision of this kind of information to the subjects of the investigation could "lead to intimidation of witnesses or make witnesses reluctant to testify" and might allow them to "construct defenses that would permit violations [of the law] to go unremedied." *North v. Walsh,* 881 F.2d 1088, 1097 (D.C.Cir.1989) (citing *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 239–41, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978)). As a general proposition, the prospect of such effects is a sufficient ground for withholding information under Exemption 7(A). *Id.*

■ The Court cannot uphold the FBI's invocation of Exemption 7(A) in this case, however, because the FBI has not described the application of the exemption to the documents with sufficient specificity. The FBI makes only conclusory statements that the release of the file as a whole would result in the described adverse effects on the investigation. While the FBI may take a generic approach to the applicability of Exemption 7(A), grouping the documents into relevant categories instead of proceeding document-by-document, it must still demonstrate to the Court "how each ... category of documents, if disclosed, would interfere with the investigation." *Bevis v. Department of State,* 801 F.2d 1386, 1389 (D.C.Cir.1986) (quoting *Crooker v. Bureau of Alcohol, Tobacco and Firearms,* 789 F.2d 64, 67 (D.C.Cir.1986)). If it proceeds in this manner, the FBI has a three-fold task: "it must define its categories functionally;" "it must conduct a document-by-document review in order to assign documents to the proper category;" and "it must explain to the court how the release of each category would interfere with enforcement proceedings." *Id.* at 1389–90. Finally, the FBI is required to demonstrate that it cannot segregate nonexempt responsive material from the exempt materials. *See Summers v. Department of Justice,* 140 F.3d at 1081; *Kimberlin v. Department of Justice,* 139 F.3d at 949. As the FBI has not provided the Court with any of this information, the Court cannot grant summary judgment in its favor. The FBI will be given the opportunity to supplement its declaration with the specificity required for the Court to determine whether the exemption was properly applied.

### 2. Exemption 7(C)

Exemption 7(C) of the FOIA protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C.

§ 552(b)(7)(C). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure. *Kimberlin v. Department of Justice*, 139 F.3d at 948; *Beck v. Department of Justice*, 997 F.2d 1489, 1491 (D.C.Cir. 1993). The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C.Cir.1991). Our court of appeals has held "categorically" that "unless access to names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." *Id.* at 1206.

■ In Civil Action No. 96–2307, the FBI redacted portions of Document 208, a search warrant issued by the United States District Court for the Middle District of Louisiana, in order to protect the identities of FBI agents who conducted investigative activities and the name of a third party described in the warrant. The FBI explains that release of the names of the agents would invade their privacy interests and subject them to possible reprisals, Steward Decl. ¶ 35, and that the identity of the third party was withheld to prevent any "unsolicited and unnecessary attention" to that individual that "could cast the person in an unfavorable or negative light to the public." *Id.* ¶ 36. Both law enforcement officers and third parties mentioned in law enforcement files have strong privacy interests in the content of the files. *See Spirko v. United States Postal Service*, 147 F.3d 992, 999 (D.C.Cir. 1998); *SafeCard Services Inc. v. SEC*, 926 F.2d at 1206; *Lesar v. United States Dep't of Justice*, 636 F.2d at 487. Since plaintiff has produced no "compelling evidence" (or, indeed, any evidence) that the FBI has

engaged in illegal activity and that the information he seeks is necessary in order "to confirm or refute" that evidence, the Court concludes that the information in Document 208 is exempt from disclosure. *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992). *See Spirko v. United States Postal Service*, 147 F.3d at 999.

The FBI also invokes Exemption 7(C) in Civil Action No. 96–2307 to justify the withholding of all nonpublic information from the same file on the investigation of Louisiana politicians for which it invoked Exemption 7(A). *See supra* at 31. It claims that the disclosure of the file would be an "unwarranted invasion" of the personal privacy of the subjects of the investigation. Steward Decl. ¶ 29. Once again, however, the FBI has failed to provide the Court with sufficient information to enable it to review the FBI's application of the exemption to the file. It provides no further description of the groups of documents found in the file, no indication that it placed each document in the relevant category, no grounds for the application of the exemption to any such grouping and no insight into the segregability of the allegedly exempt documents. The *Vaughn* index itself, or the affidavits or declarations submitted in lieu of an index, must "specify in detail which portions of the document[s] are disclosable and which are allegedly exempt." *Kimberlin v. Department of Justice*, 139 F.3d at 950 (quoting *Vaughn v. Rosen*, 484 F.2d at 827). Without this information, the Court cannot evaluate whether summary judgment is warranted. *See Schiller v. NLRB*, 964 F.2d 1205, 1209 (D.C.Cir.1992) (purpose of *Vaughn* index is to "permit adequate adversary testing of the agency's claimed right to an exemption"). The Court therefore will permit the FBI to supplement its declaration to elucidate further the application of Exemption 7(C) to the withheld materials.

■ In Civil Action No. 97–2788, the FBI has redacted portions of a number of

the released documents in order to protect (1) the names and other identifying information of the law enforcement officers who worked on the investigation, (2) the names and identifying information of individuals who provided confidential information, and (3) information regarding other third parties. *See* Second Hodes Decl. ¶¶ 30–36; Declaration of Norma Ferguson ¶ 11; Declaration of Julie Dragovich at 3. As noted previously, this type of information normally is exempt from disclosure in the absence of any compelling evidence of illegal activity on the part of the FBI, and there is no such evidence here. *See Spirko v. United States Postal Service*, 147 F.3d at 999; *Davis v. United States Dep't of Justice*, 968 F.2d at 1282; *SafeCard Services Inc. v. SEC*, 926 F.2d at 1206. The declarations and the coded redactions provided by the FBI demonstrate that it applied the exemption only when required and applied it only by redacting the exempt information and disclosing the non-exempt information. *See* Second Hodes Decl. ¶¶ 27–40 & Exh. B. For the 85 or 87 pages of material that were released to plaintiff, the FBI has demonstrated both the application of the exemption to the redacted information and that the information could not have been segregated further.

The FBI has not provided as much guidance with respect to the 12 or 14 pages of material that were withheld in their entirety. By including a form indicating the grounds for the document's nondisclosure at the relevant point in its file, the FBI did provide the Court with an adequate explanation of the grounds invoked to withhold the material. The FBI did not, however, provide any information on which the Court might make "specific findings of segregability regarding each of the withheld documents." *Krikorian v. Department of State*, 984 F.2d at 467; *see Kimberlin v. Department of Justice*, 139 F.3d at 950 (quoting *Mead Data Central, Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977)) ("[t]he focus of the FOIA is information, not documents,

and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material"). The FBI's only statement regarding the issue of segregability is that the withheld material "is so intertwined with the protected material that segregation is not possible." Second Hodes Decl. ¶ 17. Such a blanket statement does not allow the Court to "correlat[e] [the FBI's claims] with the particular part of the withheld document to which they apply." *Krikorian v. Department of State*, 984 F.2d at 467 (quoting *Schiller v. NLRB*, 964 F.2d at 1210). The Court therefore cannot grant summary judgment for the FBI with regard to the documents withheld in their entirety. Because there are only 12 or 14 pages of such material, however, the Court will review these documents *in camera* to evaluate the application of Exemption 7(C). The FBI also may supplement its declaration with regard to these documents.

### 3. Exemption 7(D)

■ Exemption 7(D) of the FOIA protects from disclosure those records or information compiled for law enforcement purposes that

> could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation ... information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). To invoke Exemption 7(D), an agency must show either that a source provided the information to the agency under express assurances of confidentiality or that the circumstances support an inference of confidentiality. *See United States Dep't of Justice v. Landano*, 508 U.S. 165, 179–81, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993); *Campbell v. United States Dep't of Justice*, 164 F.3d at 34.

Under *Landano*, the relevant inquiry is "not whether the requested *document* is of the type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain confidential." *United States Dep't of Justice v. Landano*, 508 U.S. at 172, 113 S.Ct. 2014 (emphasis in original); *see Computer Professionals v. United States Secret Service*, 72 F.3d 897, 906 (D.C.Cir.1996). Thus, the express or implied assurances given to the particular source is the key, and where an agency relies not on implied but express assurances of confidentiality, the agency must offer "probative evidence that the source did in fact receive an express grant of confidentiality." *Campbell v. United States Dep't of Justice*, 164 F.3d at 34 (quoting *Davin v. United States Dep't of Justice*, 60 F.3d 1043, 1061 (3d Cir.1995)). "Such evidence can take a wide variety of forms, including notations on the face of a withheld document, the personal knowledge of an official familiar with the source, a statement by the source, or contemporaneous documents discussing practices or policies for dealing with the source or similarly situated sources." *Id.* No matter how an agency chooses to meet its burden of proof, however, the declaration it submits "must permit meaningful judicial review by providing a sufficiently detailed explanation for the agency's conclusions." *Id.*

■ In Civil Action No. 97–2788, the FBI invokes Exemption 7(D) to justify its redaction of information from one document concerning the name, file number and other identifying information pertaining to a confidential source, as to whom Mr. Hodes states that the informant received an "*expressed* promise of confidentiality . . . ." Second Hodes Decl. ¶ 35 (emphasis in original). To properly invoke Exemption 7(D), however, the FBI must present more than the conclusory statement of an agent that is not familiar with the informant. *See Campbell v. United States Dep't of Justice*, 164 F.3d at 34.

Mr. Hodes claims no personal knowledge of the arrangements made between the FBI and the informant mentioned in the redacted document. Instead, he offers general arguments for protecting confidential informants as well as his unsupported assertion, curiously contained in the section of his declaration addressing Exemption 7(C) rather than the section addressing Exemption 7(D), that the FBI made an express promise of confidentiality to the informant. *See* Second Hodes Decl. ¶¶ 35, 43–47. This is insufficient "probative evidence" of the express grant of confidentiality to allow the Court to uphold the FBI's redaction of information under Exemption 7(D). The issue need not be further addressed, however, because the Court has already approved the same redaction of the same document under Exemption 7(C). *See supra* at 12; Second Hodes Decl. ¶¶ 35, 43 (nondisclosure of Document 14 justified on the basis of both Exemption 7(C) and Exemption 7(D)).

An Order consistent with this Opinion will issue this same day.

SO ORDERED.

### *ORDER*

Upon consideration of defendant's motions for summary judgment and supporting declarations, plaintiff's oppositions, defendant's reply in Civil Action No. 97–2788, and the entire record in these cases, and for the reasons stated in the Opinion accompanying this Order, it is hereby

ORDERED that defendant's motion for summary judgment in Civil Action No. 96–2307 is GRANTED in part and DENIED in part without prejudice to its renewal; it is

FURTHER ORDERED that defendant's motion for summary judgment in Civil Action No. 97–2788 is GRANTED in part and DENIED in part without prejudice to its renewal; it is

FURTHER ORDERED that on or before April 30, 1999, defendant shall either provide the Court with supplemental affi-

davits or declarations justifying the withholding of documents in their entirety in Civil Action No. 96–2307 under Exemption 7(A) and Exemption 7(C) or release the materials to plaintiff by that date. If necessary, the affidavits or declarations (or portions of them) may be filed under seal with notice to plaintiff that such a filing has been made. If only portions need be under seal, a redacted version shall be provided to plaintiff and filed on the public record; and it is

FURTHER ORDERED that on or before April 30, 1999, defendant shall provide the Court with all documents withheld in their entirety in Civil Action No. 97–2788 under Exemption 7(C) for *in camera* review. Defendant also may file supplemental affidavits or declarations regarding these documents on or before April 36, 1999. If necessary, the affidavits or declarations (or portions of them) may be filed under seal with notice to plaintiff that such a filing has been made. If only portions need be under seal, a redacted version shall be provided to plaintiff and filed on the public record.

SO ORDERED.