Dan L. **BRIGHT**

v.

**Attorney General John ASCROFT, et al**

**No. CIV.A. 02–1225.**

United States District Court,
E.D. Louisiana.

Feb. 11, 2003.

---

**20.** It is well established the First Amendment applies to the states as well.

Clive Adrian Stafford–Smith, New Orleans, Jill Neiman, Morrison & Foerster,

San Francisco, CA, G. Benjamin Cohen, The Capital Appeals Project, New Orleans, John R. Shiner, Morrison & Foerster LLP, Los Angeles, CA, for Dan L Bright, plaintiff.

Kathryn Weekley Becnel, U.S. Attorney's Office, New Orleans, for Attorney General of the United States, John Ashcroft, Federal Bureau of Investigation, U.S. Department of Justice, defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court are plaintiff Dan L. Bright's Motion to Strike portions of Scott A. Hodes's affidavit, and defendant Federal Bureau of Investigation's Motion for Summary Judgment. For the following reasons, the motion to strike is GRANTED, and the motion for summary judgment is DENIED.

## I. BACKGROUND

Dan Bright was convicted of murder in Orleans Parish in July 1996. Prior to his post-conviction hearing, Bright filed Freedom of Information Act and Privacy Act requests with the FBI's New Orleans field office.[1] Although the FBI acknowledged that it maintained two files on Bright, it only agreed to release 15 redacted pages. After Bright appealed, the FBI produced another 65 redacted pages.

Among these 65 redacted pages is the document at issue in this case, 166E–NO–58945–212. Document 212 contains the statement: "The source further advised that DANIEL BRIGHT, aka 'Poonie', is in jail for the murder committed by XXXXXX." [2]

■ After an unsuccessful attempt to subpoena an unredacted copy of Document 212,[3] Bright filed this lawsuit under the FOIA and the Privacy Act.[4] The FBI contends that the redacted portions of Document 212 have been lawfully withheld under Exemptions 7(C) and 7(D) of the FOIA. To support its claim, the FBI offers the affidavit of Scott A. Hodes, an FBI attorney. Bright now moves to strike Hodes' affidavit, and the FBI moves for summary judgment.

## II. BRIGHT'S MOTION TO STRIKE THE AFFIDAVIT OF SCOTT HODES

The FBI relies solely on the declaration of Scott Hodes to justify its partial redaction of Document 212. Hodes is currently the Acting Chief of the Litigation Unit, Freedom of Information–Privacy Acts Section, Records Management Division at FBI Headquarters, in Washington, D.C. Bright contends that portions of Hodes' affidavit testimony are not based upon his personal knowledge, and that portions contain impermissible opinion testimony.

---

1. Several months earlier, Bright had filed an identical request with the FBI's headquarters. The FBI responded that it was unable to locate any records related to Bright.

2. The FBI has acknowledged that the redacted information in this sentence is the name of a person. This document was created on February 9, 1996, five months before Bright's July 1996 conviction. The prosecution, however, failed to disclose Document 212 to Bright or his counsel prior to or during his trial. Moreover, when Bright's counsel reviewed the district attorney's files, the document was not there. Obviously, this case confronts a serious issue of possible law enforcement misconduct.

3. The government's motion to quash was granted on August 21, 2001 by this Court. The order noted, however, that "plaintiff is not precluded from pursuing administrative remedies that he might have."

4. The FBI must show that withheld information falls under disclosure exemptions of both the FOIA and Privacy Act. See Martin v. Office of Special Counsel, 819 F.2d 1181, 1184 (D.C.Cir.1987). Bright no longer contests the FBI's denial of access under the Privacy Act.

### A. Lack of Personal Knowledge

■ Bright asserts that much of Hodes' declaration is not based on his own personal knowledge. Rule 56(e) requires declarations offered in support of summary judgment to be based on personal knowledge. Fed.R.Civ.P. 56(e); *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 530 (5th Cir.1992). A declarant must provide evidence to establish that he has personal knowledge of the facts stated. Fed. R.Civ.P. 56(e)(requiring declaration to "show affirmatively that the affiant is competent to testify on the matters therein"); Fed.R.Evid. 602. Thus, a court may strike any affidavit that is not based on personal knowledge. *Akin*, 959 F.2d at 530; *CMS Indus., Inc. v. L.P.S. Int'l, Ltd.*, 643 F.2d 289, 295 (5th Cir.1981).

The Court finds that Hodes' affidavit fails to establish that he has personal knowledge of:

1) the actual identity of the confidential source, the existence of a confidentiality agreement between the source and the FBI, or documents memorializing a confidentiality grant;[5]

2) the neighborhood harassment or reprisal the source would experience following disclosure;[6]

3) the original content of the redacted page;[7]

4) the FBI's process for reviewing the redacted page at issue, and which agent reviewed the document;[8] and

5) the FBI's conduct during the murder investigation, and thought processes of the agents involved.[9]

Thus, the Court concludes that that paragraph 31, and the portions of paragraphs 21, 24, 25, 26, and 27 cited by Bright, are not based upon Hodes' personal knowledge.

### B. Impermissible Opinion Testimony

■ Bright further contends that substantial portions of Hodes' declaration are impermissible opinion testimony. Unless a declarant is qualified as an expert, he may not offer opinion testimony unless it is: 1) rationally based on personal perception; 2) helpful to understanding the testimony; and 3) not based on scientific, technical or other specialized knowledge. Fed. R.Evid. 701; *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 459–60 (5th Cir.1996). Where the opinion does not meet these criteria it may be struck. *Pedraza v. Jones*, 71 F.3d 194, 197 (5th Cir.1995).[10]

Hodes' declaration contains opinion testimony concerning: 1) the effect of confidentiality agreements upon law enforcement investigations;[11] 2) the FBI's practice of using confidential sources;[12]

---

**5.** Paragraph 31, and portions of paragraph 21, contain statements about the existence of a confidential source.

**6.** Paragraph 31 contains statements about the source being subjected to harassment.

**7.** Portions of paragraphs 25, 26, and 27 contain statements about the content of the redacted information.

**8.** Portions of paragraphs 24 and 26 contain statements concerning the FBI's process for reviewing the page at issue and deciding to redact certain portions under FOIA.

**9.** Portions of paragraphs 25 and 27 contain statements about the FBI's investigation and interest in third parties.

**10.** If a portion of a declaration is inadmissible and another portion is admissible, only the inadmissible portions should be struck. *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir.1992).

**11.** Portions of paragraph 31 contains Hodes' opinion on the effects of a confidentiality agreement on an informant's behavior.

**12.** Paragraph 30 contains Hodes' opinions about the FBI's practice of using informants.

and 3) the social repercussions for informants that become linked with law enforcement investigations.[13] Hodes' affidavit fails to establish that he is qualified to opine about such matters. Moreover, Hodes' job title, Chief of the FBI's Litigation Unit, does not necessarily make him an expert in psychology, sociology, law enforcement, or even FBI investigative techniques. Thus, paragraph 30, and the portions of paragraphs 25, 28, and 31 cited by Bright, contain impermissible opinion testimony.

█ Because substantial portions of Hodes' declaration are not based upon his own personal knowledge, and contain impermissible opinion testimony,[14] the Court is obliged to strike paragraphs 26, 27, 30, 31, and portions of paragraphs 21, 24, 25, and 28, from Hodes' affidavit.

### III. THE FBI'S MOTION FOR SUMMARY JUDGMENT

#### A. *Summary Judgment Standard*

In most litigation, a motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The FOIA context is unusual, however, because the threshold question is whether the plaintiff can even *see* the documents, the character of which determines whether they can be released. *Cooper Cameron Corp. v. United States Dep't of Labor, OSHA*, 280 F.3d 539, 543 (5th Cir.2002)(emphasis not added). The plaintiff would "thus face an evidentiary Catch–22 if the statute and the case law

did not make allowances." *Id.* The statute expressly places the burden "on the agency to sustain its action" and directs the district courts to "determine the matter de novo," giving no deference to the agency's determinations. *United States Dep't of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 755, 109 S.Ct. 1468, 103 L.Ed.2d 774 (quoting 5 U.S.C. § 552(a)(4)(B)).

█ Courts will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions. *See Cooper Cameron Corp.,* 280 F.3d at 543. The agency often makes this explanation in an affidavit, but the affidavit "will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *See id.*

#### B. *FOIA Exemption 7(C)*

█ The FBI contends that portions of Document 212 have been withheld pursuant to the FOIA exemption found at 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) authorizes government agencies to withhold records or information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." In particular, Exemption 7(C) protects the identities of law enforcement personnel, suspects, witnesses, informants, and other individuals mentioned in such records.

█ To determine whether Exemption 7(C) applies, courts must balance any privacy interests involved against the pub-

---

**13.** In portions of paragraphs 25 and 28, Hodes expresses opinions about the repercussions for third parties that become affiliated with the FBI.

**14.** Moreover, the government's declarations in a FOIA action "must provide detailed and specific information demonstrating that the material withheld is logically within the do-

main of the exemption claimed." *Campbell v. United States Dep't of Justice,* 164 F.3d 20, 30; *see also King v. United States Dep't of Justice,* 830 F.2d 210, 223–24 (D.C.Cir.1987)(finding that government's supporting documents lacking in specificity were insufficient to enable the court to evaluate the government's exemption claims in any meaningful fashion).

lic interests that are served by disclosure. *See Reporters Comm.,* 489 U.S. at 762, 109 S.Ct. 1468; *Kimberlin v. Department of Justice,* 139 F.3d 944, 948 (D.C.Cir.1998). Here, the public interest is obviously quite serious, and the government has the burden of demonstrating that privacy interests outweigh the public interest. *See Cooper Cameron Corp.,* 280 F.3d at 543.

Hodes' declaration states that information was redacted from Document 212 to protect the privacy interests of "of third parties who were of an investigative interest to the FBI" and individuals "who were merely mentioned within the law enforcement investigatory records." As discussed earlier, Hodes fails to demonstrate that he has personal knowledge of the content of the redacted portions, or personal knowledge that the individuals were of an actual investigative interest to the FBI.

Moreover, the FBI has not demonstrated that the individuals it seeks to protect are still alive. The D.C. Circuit concluded that "death clearly matters, as the deceased by definition cannot personally suffer the privacy-related injuries that may plague the living."[15] *Campbell v. United States Dep't of Justice,* 164 F.3d 20, 33 (D.C.Cir.1998). "If the number of individ-

uals is not excessive, the agency could be required to determine whether the individuals are alive before asserting a privacy interest on their behalf." *Davin v. United States Dep't of Justice,* 60 F.3d 1043, 1059 (3d Cir.1995). As only a single document is at issue in this case, the number of individuals that must be investigated will not place an excessive burden upon the FBI.[16] Hodes' declaration fails to establish that the FBI has even inquired into the current status of the individuals whose privacy interests are allegedly threatened. The Court is compelled to observe that a question of innocence and law enforcement misconduct is at stake: the public interest is profoundly strong here.

The FBI fails to offer sufficient evidence to support the application of Exemption 7(C). The Court is unable to conclude that the release of an unredacted copy of Document 212 will encroach upon legitimate privacy interests; moreover, the Court hastens to note that significant public interests could be advanced by the full disclosure of Document 212.[17] Thus, strong issues of material fact remain as to whether Exemption 7(c) authorizes the FBI to withhold the redacted portions of Document 212.

---

**15.** The court noted, however, that "certain reputational interests and family-related privacy expectations survive death." *Id.* at 33. *But see Davin v. United States Dep't of Justice,* 60 F.3d 1043, 1058 (3d Cir.1995) (holding that, under the FOIA analysis, "persons who are deceased have *no* privacy interest in nondisclosure of their identities")(emphasis added).

**16.** Moreover, seven years have passed since Document 212 was created; thus, increasing the likelihood that individuals have since deceased.

**17.** In particular, production of an unredacted copy of Document 212 will confirm or refute whether the FBI is meeting its constitutional obligations as set forth in *Brady v. Maryland. See Ferri v. Bell,* 645 F.2d 1213, 1218 (3d

Cir.1981), modified, 671 F.2d 769 (3d Cir. 1982)("FOIA request for material implicating the Brady rule ... advances an 'indirect public purpose' satisfying the second prong of the test for disclosure under" exemption 7(C)). Disclosure will further establish whether the FBI has met its obligation to share information with state agencies on behalf of the public's safety. *See generally Cooper Cameron Corp. v. United States Dep't of Labor, OSHA,* 280 F.3d 539, 548 (5th Cir.2002)("On balance, the cases suggest that there is a cognizable public interest in monitoring agencies' enforcement of the law in specific circumstances."); *Baltimore Sun v. United States Marshals Serv.,* 131 F.Supp.2d 725, 729–30 (D.Md.2001)("[O]btaining information to act as a 'watch-dog' of the government is a well recognized public interest in the FOIA context ....").

## C. FOIA Exemption 7(D)

The FBI further contends that portions of Document 212 have been redacted pursuant to the FOIA exemption found at 5 U.S.C. § 552(b)(7)(D). Exemption 7(D) authorizes government agencies to withhold records or information which "could reasonably be expected to disclose the identity of a confidential source ...."

Hodes' declaration states that "Information was provided and recorded on the page at issue by an informant under an expressed grant of confidentiality." To withhold information under Exemption 7(D) based upon an express grant of confidentiality, an agency must present probative evidence that the source did in fact receive an express grant. *See Davin*, 60 F.3d at 1061–62 (3rd Cir.1995)(holding government's vague declaration to be insufficient to establish express grant of confidentiality). Probative evidence may include notations on the face of the document, "the personal knowledge of an official familiar with a source, a statement by the source, or contemporaneous documents discussing policies for dealing with the source or similarly situated sources." *Campbell*, 164 F.3d at 34.

In *Voinche v. FBI*, 46 F.Supp.2d 26 (D.D.C.1999), the court reviewed a similar declaration by the same Hodes that an FBI informant had "received an express promise of confidentiality." *Id.* at 34 (internal quotations omitted). That court held that Hodes provided "insufficient 'probative evidence' of the express grant of confidentiality to allow the Court to uphold the FBI's redaction under 7(D)." *Id.* Moreover, the court reasoned that "[t]o properly invoke Exemption 7(D) ... the FBI must present more than the conclusory statement of an agent that is not familiar with the informant." *Id.; see also Campbell*, 164 F.3d at 35 (holding that because the declarant "presumably lacks personal knowledge of the particular events that occurred more than thirty years ago, more information is needed before the court can conclude that exemption 7(D) applies").

As stated earlier, Hodes' affidavit fails to establish his personal knowledge of a confidentiality agreement. Hodes is an attorney in Washington, D.C.; the Court will not infer that Hodes has personal knowledge of a grant of confidentiality allegedly made in Louisiana six years ago. This Hodes declaration is as flawed as was the one made in *Voinche*.

The FBI offers no evidence, beyond the Hodes declaration, to support its application of exemption 7(D). Thus, genuine issues of material fact exist as to whether the FBI may lawfully withhold the redacted portions of Document 212 under FOIA Exemption 7(D).

Accordingly, it is

ORDERED that plaintiff's motion to strike is GRANTED; it is

FURTHER ORDERED that the defendant's motion for summary judgment is DENIED; and it is

FURTHER ORDERED that on or before March 6, 2003, defendant shall provide the Court with an unredacted version of Document 212 for *in camera* review. Defendant may file supplemental affidavits or declarations regarding these documents on or before March 6, 2003. If necessary, the affidavits or declarations (or portions of them) may be filed under seal with notice to plaintiff that such a filing has been made. If only portions need be under seal, a redacted version shall be provided to plaintiff and filed on the public record.