**Gail G. BILLINGTON, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE,**
**Defendant.**

**No. Civ.A. 92–0462(RCL).**

United States District Court,
District of Columbia.

Sept. 30, 1999.

Gail G. Billington, Leesburg, VA, pro se.

Scott S. Harris, Marina Utgoff Braswell, Darya Geetter, United States Attorney's Office, for defendant.

## *MEMORANDUM OPINION*

LAMBERTH, District Judge.

This matter comes before the Court on Plaintiff Gail G. Billington's and Defendant United States Department of Justice's cross-motions for summary judgment. After consideration of the memoranda in support of and in opposition to these motions, the entire record thereto, and the applicable law, plaintiff's motion will be denied and defendant's motion will be granted.

### I. Background

Plaintiff Gail G. Billington commenced this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In search of information about individuals associated with the National Caucus of Labor Committees ("NCLC"), she submitted 90 FOIA requests to 30 FBI field offices throughout the United States. *Billington,* 11 F.Supp.2d at 52.

Plaintiff Billington filed this lawsuit on February 21, 1992, contesting the FBI's compliance with her FOIA requests to 15 of the FBI offices. Judge George H. Revercomb granted the FBI's motion to stay proceedings on July 22, 1992, thus postponing deliberation in this matter until May 8, 1995. This matter was subsequently reassigned to this Court in July of 1993. From December 1994 to the present, the FBI and other agencies have released a vast quantity of documents pursuant to Billington's numerous requests and repeated challenges.

In October 1996, the parties consented to bifurcate this litigation into two stages. Specifically, the parties agreed that the first stage of the litigation would concern all documents, except for documents from four "Internal Security Files." As such, the first stage covered "referral agency" documents. Two years later, on August 12, 1998, this Court granted partial summary judgment to the defendant and to the plaintiff as to certain of these documents. *Billington,* 11 F.Supp.2d at 52. The second stage of the litigation concerns the documents from the four "Internal Security Files." Today, the Court disposes of plaintiff's claims concerning both the "referral agency" documents and the Internal Security Files documents, thus bringing to a close this protracted, seven-year litigation concerning over 40,000 documents.

### II. The Freedom of Information Act & Standard of Review

The Freedom of Information Act, 5 U.S.C. § 552, as amended by the Freedom of Information Reform Act of 1986, §§ 1801–04 of Pub.L. No. 99–570, 100 Stat. 3207, 3207–48 (1986), provides citizens a statutory right of access to government information. As its basic premise, the Act establishes that government agency records should be accessible to the public. Accordingly, the FOIA instructs government agencies to disclose agency records, unless the requested records fall within one of the Act's nine enumerated exemptions. In this case, the defendant has justified nondisclosure under six of the nine exemptions. The Court will address plaintiff's challenges to defendant's withholdings by exemption group.

■ In a FOIA action, summary judgment is appropriate when the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Alyeska Pipeline Serv. Co. v. EPA,* 856 F.2d 309, 313 (D.C.Cir.1988) (mere conflict in affidavits insufficient to preclude summary judgment); *Weisberg v. Department of Justice,* 627 F.2d 365, 368 (D.C.Cir.1980). FOIA matters are reviewed de novo, and the agency bears the burden of justifying nondisclosure. *See* 5 U.S.C. § 552(a)(4)(B); *Department of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 755, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).

To sustain their burden of proof, agencies may rely on the declarations of their officials. *Oglesby v. Department of the Army*, 920 F.2d 57, 68 (D.C.Cir.1990). Indeed, courts accord agency declarations a presumption of expertise, *Pharmaceutical Manufacturers Ass'n v. Weinberger*, 411 F.Supp. 576, 578 (D.D.C.1976), provided the affidavits are clear, specific and adequately detailed, and set forth the reasons for nondisclosure in a non-conclusory manner. These declarations must be submitted in good faith. *See Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C.Cir.1979). Once a court determines that an agency's affidavits are sufficient, the court need not conduct any further inquiry into their veracity. *Id.* Accordingly, to preclude summary judgment, a plaintiff must demonstrate that a claimed exemption has been improperly asserted.

### A. Exemption 1

Under Exemption 1, agencies may withhold information that is "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) [is] in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Classification of such materials is currently controlled by Executive Order 12958. Summary judgment is proper under Exemption 1 "only if (1) the agency affidavits describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed, and (2) the affidavits are neither controverted by contrary record evidence nor impugned by bad faith on the part of the agency." *Canning v. United States Dep't of Justice*, 848 F.Supp. 1037, 1049 (citing *King v. United States Dep't of Justice*, 830 F.2d 210, 217 (D.C.Cir.1987)).

Agencies satisfy this burden by submitting affidavits that describe the withheld materials and explain how such materials fall within the claimed exemption. *King*, 830 F.2d at 217. Courts attribute substantial weight to agency affidavits concerning the classified status of contested records. *Salisbury v. United States*, 690 F.2d 966, 970 (D.C.Cir.1982) ("Executive departments responsible for national defense and foreign policy matters have unique insights into what adverse affects [sic] might occur as a result of public disclosure."). Thus, if an agency's declarations are reasonably specific and appear to have been submitted in good faith, courts should not "conduct a detailed inquiry into whether it agrees with the agency's opinions." *Halperin v. CIA*, 629 F.2d 144, 148 (D.C.Cir.1980).

#### 1. Age of Documents

Plaintiff Billington asserts that the Department of Justice ("Department") improperly invoked Exemption 1 with respect to Internal Security Files documents that are more than 25 years old. She asserts that Executive Order 12958 requires declassification of such documents, unless the agency head specifically invokes an exemption. However, the provision that plaintiff relies on, which provides for such presumptive declassification, only becomes effective after April 17, 2000. *See* Exec.Order No. 12958, 60 Fed.Reg. 19825, § 3.4(a) (April 17, 1995). Accordingly, plaintiff's challenge in that respect must fail.

Plaintiff also argues that the agency's proffered justifications set forth in Special Agent Davis' March 1998 declaration are insufficient under the applicable standards noted above. Moreover, plaintiff asserts that the Department should be required to make a heightened showing of need to maintain classification because some of the documents at issue are more than 22 years old. Nevertheless, plaintiff fails to point to any specific documents for which she believes the Department's declarations are insufficient. The Court has reviewed the proffered justifications and finds that the Department's affidavits are reasonably specific and submitted in good faith.

## 2. Publicly Disclosed Information

In challenging the Department's withholding of certain Internal Security Files documents, plaintiff resurrects the same argument regarding publicly disclosed information that she presented to the Court in her first motion for partial summary judgment with respect to referral agency documents. Plaintiff apparently has chosen to ignore the fact that the Court already considered and rejected this argument in its prior opinion. *See Billington,* 11 F.Supp.2d at 54–56. The mere passage of time has done nothing to improve her argument. Rather, the Court finds plaintiff's assertions with respect to the Internal Security documents are as unavailing as her argument concerning the referral agency documents. Because the Court's prior opinion addresses the plaintiff's argument in detail, *Billington,* 11 F.Supp.2d at 54–58, the Court will only briefly address plaintiff's specific factual arguments with respect to withheld Internal Security Files documents.

 Essentially, plaintiff asserts that because some of the individuals listed in her "General Challenges" have been disclosed as confidential sources by the FBI in this matter, any less-specific information that circumstantially tends to identify these sources, such as information provided by them, must be disclosed if it has been withheld under Exemption 1. In addition to challenging the Department's nondisclosures relating to FBI informants, plaintiff also contests the defendant's withholding of information about the FBI's relationships with various foreign government agencies and about certain intelligence activities and/or methods. In each instance, however, plaintiff's challenges amount to nothing more than rank speculation that the Department's withholdings are improper. More importantly, however, plaintiff fails to point to specific information that exists in the public domain. *See Davis v. Department of Justice,* 968 F.2d 1276, 1279 (D.C.Cir.1992) (stating that a plaintiff asserting that material is publicly available bears the burden of

pointing to specific information in the public domain that appears to duplicate the information being withheld). As this Court has noted previously, "[m]ere speculation does not satisfy the high burden a requester must meet to prove that information is in the public domain.... [A]n agency does not 'waive the applicability of FOIA Exemption 1 to all classified information relating to a subject by voluntarily releasing some formerly classified information about the subject.'" *Billington,* 11 F.Supp.2d at 57 (citing *Public Citizen v. Department of State,* 11 F.3d 198, 202 (D.C.Cir.1993)). To require otherwise would "muddle the purpose of the exemption." *Id.*

## 3. Classification of Intelligence Sources, Including Foreign Agencies

 Plaintiff challenges the Department's affidavits relating to its withholding of the identities of certain intelligence sources under Exemption 1. She requests a supplemental submission explaining why certain information has been declassified—yet still withheld under Exemption 7(D)—while other information remains classified, and thus withheld under Exemption 1. But this argument is misguided. Exemption 1 requires an agency to provide an explanation that adequately states the grounds for nondisclosure, not produce a detailed report cataloguing *ad nauseam* all potentially applicable exemptions considered by the agency and setting forth its reasons for *not* invoking certain exemptions. Upon review of the submitted affidavits, the Court finds the explanations provided "fairly describe[ ] the content of the material withheld and adequately states its grounds for nondisclosure, and ... those grounds are reasonable and consistent with applicable law." *Spannaus v. Department of Justice,* 813 F.2d 1285, 1288 (4th Cir.1987). Accordingly, as this Court has stated previously, after finding that the declaration is reasonably specific and made in good faith, Agent Davis's classification determinations are to be accorded appropriate

deference. *Billington*, 11 F.Supp.2d at 58 (citing *Halperin*, 629 F.2d at 148).

### 4. Understandings with Foreign Agencies

Plaintiff also challenges the Department's withholding of information obtained from foreign governments based upon explicit or implied confidentiality agreements. She claims that defendant has not adequately explained the basis for confidentiality under Exemption 1. As this Court has held, however, an agency is not required to comply with *Department of Justice v. Landano*, 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993), when explaining the basis for confidentiality under Exemption 1. *Billington*, 11 F.Supp.2d at 58 (citing *Gardels v. CIA*, 689 F.2d 1100, 1106 (D.C.Cir.1982)). Rather, once a court finds that the affidavit provides sufficiently specific information to justify the agency's withholding, the inquiry ceases, unless there is some evidence of bad faith. *Id.* With respect to the Department's declarations concerning information from foreign governments, then, the Court finds that Agent Davis has described the basis for the Exemption 1 withholding in adequate detail and that there is no evidence of bad faith to warrant any further inquiry.

Accordingly, for the foregoing reasons, the defendant is entitled to summary judgment with respect to all Exemption 1 claims. Using proper classification methods, the defendant has demonstrated that the withheld material falls well within the scope of Exemption 1. Plaintiff's speculative assertions fail to point to specific deficiencies or call into question defendant's good faith.

### B. Exemption 2

Defendant has justified its withholding of various Internal Security Files records under Exemption 2 of the FOIA, which exempts from disclosure matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Plaintiff did not challenge or even mention these exemptions in her opposition to defendant's motion for summary judgment as to the Internal Security Files. Accordingly, upon finding the defendant's arguments to be persuasive, the Court grants summary judgment to the defendant on its withholdings under Exemption 2.

### C. Exemption 7(C)

Exemption 7(C) shields from disclosure law enforcement information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy" if released. 5 U.S.C. § 552(b)(7)(C). To invoke this subsection, an agency must first identify and evaluate the magnitude of the privacy interest implicated by disclosure. Next, the agency must balance this privacy interest against the magnitude of any public interest served by disclosure. *Reporters Comm.*, 489 U.S. at 776, 109 S.Ct. 1468; *Stern v. FBI*, 737 F.2d 84, 91–92 (D.C.Cir.1984)

Plaintiff presents a variety of challenges to defendant's claimed exemptions under Subsection 7(C), each of which fails. First, plaintiff requests additional declarations concerning redacted references to the NCLC in certain Defense Security Service ("DSS") referral documents. Yet, plaintiff fails to point to any specific deletions that are inappropriate. This Court cannot play guessing games as to what the substance of plaintiff's objections would be *if* she presented them properly. In short, "[a] mere desire to review how an agency is doing its job, coupled with allegations that it is not, does not create a public interest sufficient to override the privacy interests protected by Exemption 7(C)." *McCutchen v. Department of Health & Human Servs.*, 30 F.3d 183, 188 (D.C.Cir.1994). Accordingly, plaintiff's request for supplemental information concerning the NCLC redactions is denied.

Plaintiff also challenges redactions in FBI interview reports, charging that the submitted indices do not sufficiently explain how disclosure might compromise personal privacy interests. (Campaigner

# 17, 18, 19 & 23). This Court disagrees. The accompanying declarations plainly describe the information withheld as containing individuals' names, addresses and their family or business relationships. (Sherry Davis Sealed Decl. October 29, 1998, ¶ 7). Moreover, the affidavit indicates that the individuals interviewed specifically requested that their identities be protected. (Sherry Davis Decl. November 2, 1998, ¶ 6). In short, the redactions at issue involve precisely the sort of information implicated by 7(C), as their disclosure could reasonably be expected to damage personal privacy. *See Safecard Serv., Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C.Cir.1991) (determining that "categorical withholding" of information that identifies individuals in law enforcement records will ordinarily be appropriate); *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C.Cir.1990). Additionally, plaintiff again fails to put forward any evidence to warrant a public interest overriding the privacy interest. *McCutchen*, 30 F.3d at 188. Thus, plaintiff's claims with respect to these withholdings fail.

 Next, operating under an especially flawed interpretation of the protections afforded by Exemption 7(C), plaintiff requests disclosure of all information relating to several FBI interview reports because the reports were inadvertently disclosed to her through administrative error. (Billington # 35, 36, 42 & 53). Plaintiff argues that the privacy interest has somehow been waived by this erroneous disclosure. Moreover, in so arguing, plaintiff ignores that the reports remain subject to a confidentiality order in *Lyndon La-Rouche, Jr. v. Kelly*, No. 75–CIV–6010 (S.D.N.Y. March 5, 1979). Plaintiff's argument misses the mark. The disclosure of unredacted records due to an administrative error does nothing to diminish the magnitude of the privacy interests of the individuals named in such reports. Indeed, such a weak reading of 7(C)'s privacy protections would make a mockery of the very purpose of the exemption. *See, e.g., Bast v. United States Dep't of Justice*, 665 F.2d 1251, 1254 (D.C.Cir.1981) (stating that Exemption 7(C) "affords broad priva-

cy rights"). Accordingly, plaintiff's challenges to these withholdings must fail. In addition, despite their inadvertent disclosure, these documents remain subject to the confidentiality order referenced above.

 Finally, with respect to the defendant's 7(C) redactions from various Internal Security Files records, plaintiff speculates that large blocks of redactions "likely" contain segregable, non-exempt information. In addition, she asserts that "substantive" information may not be withheld under this exemption. But, once again, plaintiff fails to point to any particular deficiencies in the defendant's submissions. Here, the *Vaughn* index appears more than adequate to justify application of 7(C). It specifically details seven different types of information withheld: 1) names, initials, and/or identifying data of special agents or support personnel; 2) names, initials, and/or identifying data of third parties of investigative interest; 3) names and/or identifying data of non-FBI federal employees; 4) names and titles of non-federal law enforcement officers; 5) names and/or identifying data of third parties mentioned; 6) names and/or identifying data of third parties interviewed; and 7) names and positions of individuals who provided the FBI with information during the course of their employment. (Olivarri March 1998 Sealed Decl., at ¶ 35–56) On its face, the declaration implicates precisely the types of information contemplated by 7(C). In short, the declaration does not bear out plaintiff's fantasy. Accordingly, defendant is entitled to summary judgment with respect to nondisclosures under Exemption 7(C).

## D. Exemption 7(D)

 Exemption 7(D) protects records "compiled for law enforcement purposes ... by criminal law enforcement authority in the course of a criminal investigation" where the release of such records "could reasonably be expected to disclose" the identity of or information provided by a

confidential source. *See* 5 U.S.C. § 552(b)(7)(D). A source is confidential for purposes of this exemption if the source " 'provided information under an express assurance of confidentiality or in circumstances from which such an assurance can be reasonably inferred,' [or] if the source furnished information with the understanding that the FBI would not divulge the communication except to the extent ... necessary for law enforcement purposes." *United States Dep't of Justice v. Landano,* 508 U.S. 165, 171–174, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993) (quoting S.Rep. No. 1200, 93rd Cong., 2d Sess. 13 (1974), 1974 U.S.C.C.A.N. 6285, 6291).

 Plaintiff raises a host of challenges to defendant's withholdings under Exemption 7(D), both with respect to referral agency documents and Internal Security Files documents. First, plaintiff repeats her challenge to the application of 7(D) to withhold the identities of foreign entities requesting or receiving FBI information. This Court previously denied the defendant summary judgment on this issue with respect to the referral agency documents and required that it submit additional affidavits describing "with as much specificity as possible" the documents at issue and the reasons for the redactions. *Billington,* 11 F.Supp.2d at 67–68. Consequently, the defendant has released three of the documents pertaining to foreign sources and has submitted supplemental explanations regarding the remaining withheld documents. (Sherry Davis Sealed Decl. October 29, 1998, ¶ 10–11). In describing the various kinds of agreements the FBI has with foreign government entities, Agent Davis explains that this exemption has been invoked only with respect to requests by foreign agency sources who have agreed to *exchange* law enforcement information based on express understandings of confidentiality. (*Id.*) In other words, disclosure of the fact that these particular foreign agencies requested law enforcement information would reveal that they have also agreed to provide such information in return. Hence, disclosing the requests themselves would betray

these foreign entities' status as confidential sources. Accordingly, because the Court finds that this information falls within the plain language of Exemption 7(D), it is satisfied that the information has been properly withheld. *See* 5 U.S.C. § 552(b)(7)(D) (protecting information that "could reasonably be expected to disclose the identity of a confidential source, including a ... foreign agency ... which furnished information on a confidential basis"). In addition, because the plaintiff has failed to identify any documents from the Internal Security Files to which her argument applies, her general challenge to 7(D) withholdings of these records fails. Defendant is entitled to summary judgment as to all withholdings under 7(D) concerning foreign entities with confidential exchange agreements with the FBI.

 Plaintiff challenges the FBI's withholding of the city of the sender or addressee of a number of teletypes under 7(D). But the FBI is well within its rights to withhold such information where revealing the city would reveal the identity of the source. For example, if only one person from a particular city attended a particular NCLC meeting, revealing that the teletype originated from that city would permit the plaintiff to identify that individual easily. Accordingly, the Court finds that the nondisclosures with respect to the city of origin of various teletypes are proper under 7(D).

 Plaintiff also requests additional indices concerning certain documents referred to the Air Force Office of Special Investigations ("AFOSI") by the Defense Intelligence Agency ("DIA"). Apparently, the AFOSI release indicates that the documents had been referred by the DIA, while Agent Sherry Davis's second declaration indicates these documents were also referred by the Department of the Army's Intelligence and Security Command ("INSCOM"). Plaintiff already has received an index from AFOSI regarding these documents. Thus, she appears to be laboring under the misconception that the

route of referral affects whether an exemption has been claimed properly. In short, plaintiff's challenge boils down to a request for two indices from two different agencies, concerning the same exact documents. But plaintiff is not entitled to engage in this sort of "compare and contrast" exercise. More importantly, plaintiff neglects to specify how the AFOSI indices she has already received contain any improper redactions. As such, even if she were to receive yet another index from INSCOM, it would not affect the legitimacy of AFOSI's determinations. In sum, because plaintiff has failed to point to any improper withholdings in the AFOSI documentation, her request for an additional index from INSCOM regarding the same exact documents is denied.

█ Plaintiff asserts that certain information from non-human sources has been withheld improperly under Exemption 7(D). Seizing on references to "highly sensitive source," plaintiff somehow assumes that the FBI is describing telephone surveillance or microphone coverage, rather than a human source. And, to support her "theory," plaintiff points to a document released in 1980 under the FOIA in an entirely *different* case, which according to the plaintiff suggests that the FBI had assigned source symbols to inanimate sources. But plaintiff's unsupported allegations do not suffice to preclude summary judgment for the defendant on its nondisclosure of confidential sources symbols. Rather, as the submitted declaration attests, this source symbol information was withheld only where the FBI determined that when used in combination with other information, it could readily be used to identify sources. (Olivarri March 1998 Sealed Decl. ¶ 80–81).

█ Plaintiff contests the withholding of information from various Internal Security Files, asserting that because nine "specific informants" have been publicly disclosed as sources, all information about them in these files must also be released. Plaintiff's argument overlooks the standard and reasoning set forth in the Court's

prior opinion, where the Court explained that information withheld under 7(D) must be upheld if the informant was confidential at the time the information was provided, irrespective of whether the informant testified at trial. *Billington,* 11 F.Supp.2d at 69 (citing *Parker v. Department of Justice,* 934 F.2d 375, 378 (D.C.Cir.1991) and *Davis v. Department of Justice,* 968 F.2d 1276, 1281 (D.C.Cir.1992)). Indeed, as the Court also noted previously, the only exception to this rule occurs where plaintiff provides " 'absolutely solid evidence showing that the source of an FBI interview in a law enforcement investigation has manifested complete disregard for confidentiality.' " *Parker,* 934 F.2d at 378 (quoting *Dow Jones & Co. v. United States Dep't of Justice,* 917 F.2d 571, 577 (D.C.Cir.1990)). Plaintiff has offered no evidence that even approaches this standard. Rather, with the exception of two sources, for whom the defendant has already agreed to provide information, plaintiff has pointed to no specific evidence indicating these individuals "manifested a complete disregard for confidentiality." *Id.* Accordingly, plaintiff's challenge fails and defendant is entitled to summary judgment with respect to its withholdings.

In perhaps her most convoluted argument to date, plaintiff asserts that certain disclosed information indicates that a source within the NCLC's Cleveland office was "unafraid." She argues that it is the subjective wishes of the source that determine whether the relationship with the FBI is confidential. But, even assuming arguendo that this source was "unafraid," she points to no evidence to satisfy the applicable standard noted above, i.e., "absolutely solid evidence" that the source "manifested complete disregard for confidentiality." *Id.* Accordingly, the Court finds that the defendant's nondisclosure of this information under 7(D) is proper.

█ In challenging withholdings from the Internal Security Files, plaintiff repeats the argument she made when challenging the FBI's implied confidentiality

redactions in the referral documents. Having emphatically rejected plaintiff's argument on this issue once before, *see Billington*, 11 F.Supp.2d at 66–67, however, the Court will not revisit the issue again, especially when plaintiff has pointed to no new evidence, except for her unsupported assertion that the FBI's investigation of the NCLC was only regarding "crimes which (allegedly) might one day happen." Defendant is entitled to summary judgment on these withholdings.

■ Plaintiff also takes issue with the application of Exemption 7(D) to documents that had previously been withheld under 7(C). She claims that this change in exemptions suggests "an entirely unrigorous and arbitrary approach to 7(D)." Essentially, then plaintiff complains because the FBI has determined that 7(D) is a more appropriate exemption than 7(C) with respect to this particular document. *(Vaughn* Doc. # 331). Yet plaintiff again fails to point to any specific basis why *either* of the exemptions are improper. Accordingly, because the Court cannot read plaintiff's mind to determine what, if any, objection she wishes to make, defendant is entitled to summary judgment as to this withholding.

### E. Exemption 7(E)

■ Exemption 7(E) protects law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E) (1994 & Suppl. II 1996). Analysis of an exemption 7(E) claim is a two-step process. First, proper withholding under this exemption requires that the document be a record or information "compiled for law enforcement purposes." Second, release of the information "could reasonably be expected to risk circumvention of the law." *FBI v. Abramson*, 456 U.S. 615, 622, 102 S.Ct. 2054, 72 L.Ed.2d 376 (1982). The threshold requirement of an Exemption 7 claim is that

the defendant show a nexus between the agency's activities and a legitimate law enforcement purpose. The second part of the analysis requires a defendant to show that disclosure would frustrate enforcement of the law. *Id.* Exemption 7(E), however, may not be used to shield well-known or commonplace techniques or procedures. *Jaffe v. CIA*, 573 F.Supp. 377, 387 (D.D.C.1983); *Malloy v. Department of Justice*, 457 F.Supp. 543, 545 (D.D.C. 1978). Thus, commonly known law enforcement practices, such as wiretaps or use of post office boxes, are generally not shielded under this exemption.

■ Here, plaintiff contests the defendant's redactions under 7(E) and imagines that the law enforcement technique at issue is a so-called "photo album," a commonplace FBI technique where identifications are made through photographs. But plaintiff directs the Court to no specific evidence whatsoever supporting her claim that this technique is implicated. Indeed, the accompanying *Vaughn* index indicates just the opposite—that the undisclosed technique and the circumstances of its use are not widely known, and adds that disclosure would compromise the utility of the technique. (Olivarri Decl., March 11, 1998, ¶ 83). Because plaintiff can offer no more than an unsubstantiated guess that a "photo album" or common technique is being withheld, and in light of the defendant's sufficiently detailed affidavit that states otherwise, the defendant is entitled to summary judgment as to its withholdings under Exemption 7(E).

### F. Plaintiff's "General Challenges"

■ As a final matter, the Court must address plaintiff's persistent efforts to raise "General Challenges" to the defendant's nondisclosures. Despite this Court's October 10, 1996 order instructing the parties that any documents not specifically challenged would no longer be at issue in this case, plaintiff continues to contest certain of defendant's withholdings on a broad, categorical basis, instead of providing detailed, document-specific chal-

lenges as directed by this Court. Thus, to clarify yet again what the Court thought it had made abundantly clear in its prior order, plaintiff's general challenges, which do not specifically detail the particular document at issue or plaintiff's basis for objection, are not properly before this Court, and therefore are denied.[1]

A separate order shall issue this date.

### *ORDER*

Upon consideration of Defendant's December 15, 1997 Motion for Partial Summary Judgment, responses thereto, the entire record in this case, and for the reasons set forth in the memorandum opinion filed September 29, 1999, it is hereby

ORDERED that Defendant's Motion is GRANTED.

Upon consideration of Defendant's April 15, 1998 Second Motion for Partial Summary Judgment, responses thereto, the entire record in this case, and for the reasons set forth in the memorandum opinion filed on September 29, 1999, it is hereby

ORDERED that Defendant's motion is GRANTED.

Upon consideration of Plaintiff's December 4, 1998 Renewed Motion for Summary Judgment, responses thereto, the entire record in this case, and for the reasons set forth in the memorandum opinion filed on September 29, 1999, it is hereby

ORDERED that Plaintiff's motion is DENIED.

It is further ordered that judgment in this case is ENTERED in favor of DEFENDANT and the case is DISMISSED WITH PREJUDICE.

SO ORDERED.

---

1. In several instances, plaintiff complains she has not received various documents, even though these materials have already been produced to her over the course of this litigation. (*E.g.,* "Exhibit 1", Warren September 1998 Decl.). To the extent that plaintiff is able to provide the defendant with specific information describing which particular document she cannot locate, the Court is confident that the defendant can provide her with a duplicate copy or direct her to the appropriate filing.