**Gail G. BILLINGTON, Plaintiff**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

No. CIV.A.92–0462 (RCL).

United States District Court,
District of Columbia.

Feb. 14, 2003.

82

Gail G. Billington, pro se.

Marina Utgoff Braswell, Diane Marie Sullivan, Darya Geetter, Scott Sutherland Harris, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on remand from the D.C. Circuit. *See Billington v. U.S. Dep't of Justice,* 233 F.3d 581 (D.C.Cir.2000) (*"Billington III"*). Pursuant to the D.C. Circuit's directions on remand, this Court has reviewed in camera two Internal Revenue Service documents and two State Department documents, and now finds that defendant must disclose substantial portions of information previously withheld from these documents.

Also before the Court is defendant's motion for summary judgment [166–1]. Upon consideration of the D.C. Circuit's decision, defendant's motion, plaintiff's opposition [167–1], defendant's reply [169–1], and the record in this case, the Court finds that defendant's motion should be granted in part and denied in part.

### I. BACKGROUND

Plaintiff initiated this action under the Freedom of Information Act, 5 U.S.C. § 552 (1994) ("FOIA"), seeking informa-

tion pertaining to state and federal investigations of the National Caucus of Labor Committees ("NCLC"). This Court bifurcated the litigation into two phases, the first of which primarily addressed "referral agency" documents requested by plaintiff, and the second of which primarily considered the documents in four FBI "Internal Security Files." At the conclusion of the first phase, this Court granted defendant's motion for summary judgment with respect to all documents withheld or redacted under FOIA exemptions 1, 2, 3, and 5, and some documents withheld or redacted under exemption 7. *Billington v. Dep't of Justice*, 11 F.Supp.2d 45, 75 (D.D.C.1998) ("*Billington I*"). Defendant was also ordered to submit a supplemental affidavit describing with specificity the contents of several documents withheld under exemption 7(D), and explaining why these documents were withheld. *Id.* Finally, this Court ordered defendant to submit a State Department document withheld under exemption 6 for in camera review by this Court. *Id.*

At the conclusion of the second phase, the Court denied plaintiff's motion for partial summary judgment. *Billington v. Dep't of Justice*, 69 F.Supp.2d 128, 141 (D.D.C.1999) ("*Billington II*"). It granted defendant's motion for summary judgment with respect to documents in the "Internal Security Files" that had been withheld under exemptions 1, 2, 7(C), and 7(D). *Id.* The Court also granted summary judgment for defendant on plaintiff's remaining claims concerning the "referral agency" documents. *Id.* Plaintiff appealed both decisions of this Court.

The D.C. Circuit reversed this Court's grant of summary judgment regarding documents withheld under exemption 7(D), and remanded to permit the government to "make a stronger showing" of its reasons for withholding the documents. *Bill-ington III*, 233 F.3d at 585. In addition, the D.C. Circuit found that declarations submitted by the State Department and the Internal Revenue Service lacked a sufficient segregability analysis. It remanded to this Court for findings regarding the segregability of withholdings from two documents by the Internal Revenue Service, and from two documents by the State Department. Finally, the D.C. Circuit required this Court to determine the applicability of exemption 6 to the two State Department documents and decide whether any non-exempt portions of the documents should be released.

On November 28, 2001, defendant submitted the four documents at issue for in camera review. On January 7, 2002, defendant filed a declaration containing additional justification for withholding documents under exemption 7(D). Defendant filed its motion for summary judgment on the remaining issues in this case on March 14, 2002.

## II. ANALYSIS

A. The Two State Department Documents

1. Applicability of Exemption 6

■ Defendant has withheld information from two documents referred by the FBI to the Department of State. The first document, FBIHQ 100–457751–1350, a fourteen-page document entitled "Notes on Interview," was withheld in its entirety under FOIA exemption 6. The second document, NCLC Document 27, was released to plaintiff with several lines redacted. Defendant cited exemption 6 as its reason for redacting these lines. This Court previously determined that the State Department's declaration lacked sufficient information for the Court to determine the propriety of withholding the two documents. *Billington I*, 11 F.Supp.2d at 71.

Defendant has provided no additional information on this issue. Having reviewed both documents in camera, this Court finds that defendant must release substantial portions of the withheld information to plaintiff.

 Exemption 6 of FOIA permits the government to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (1994). The phrase "similar files" has been "broadly defined to include any Government records on an individual which can be identified as applying to that individual." *Judicial Watch of Florida v. U.S. Dep't of Justice*, 102 F.Supp.2d 6, 16 (D.D.C.2000) (citing *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 601–02, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982)) (internal punctuation omitted). However, exemption 6 should only be employed when the privacy interest at stake outweighs the public interest in disclosure. Therefore, the district court must "balance the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 175, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991) (citing *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)) (internal punctuation omitted). In performing this analysis, courts in this circuit are to "tilt the balance (of disclosure interests against privacy interests) in favor of disclosure." *Washington Post Co. v. U.S. Dep't of Health & Human Servs.*, 690 F.2d 252, 261 (1982) (punctuation and internal citations omitted). The court must also take into account that "[t]he weight of the public's interest in disclosure depends on the degree to which disclosure would shed light on an agency's performance of its statutory duties and its compliance with the law."

*Judicial Watch*, 102 F.Supp.2d at 17 (citing *Reed v. NLRB*, 927 F.2d 1249, 1252 (D.C.Cir.1991)).

This Court remains unpersuaded that the greater part of the omitted portions of the two documents falls within the purview of exemption 6. The fourteen-page document "Notes on Interview" consists of typed notes by a journalist for a nationally-recognized American magazine made in connection with an interview with two NCLC members. The interview focused on the political philosophy of the NCLC during the 1970s. The second document explains how the first document was distributed to the FBI, and the portion redacted under exemption 6 simply names the interviewer and two interviewed individuals. The disclosure of both documents would shed light on the State Department and FBI's performance of statutory duties and compliance with the law. Moreover, it is difficult to see how the release of such information would constitute an unwarranted invasion of privacy. The two NCLC members interviewed knew that they were speaking to a reporter on the record and therefore could not expect to keep private the substance of the interview. Although it is true that the reporter might not have contemplated that his unedited notes from the interview would be made public, the disclosure of these notes hardly constitutes a "clearly unwarranted invasion of personal privacy." Rather, the minimal invasion of privacy is outweighed by "the extent to which disclosure would serve the core purpose of the FOIA, which is contribut[ing] significantly to public understanding of the operations or activities of the government." *Bartholdi Cable Co. v. FCC*, 114 F.3d 274, 282 (D.C.Cir.1997) (citing *U.S. Dep't of Defense v. FLRA*, 510 U.S. 487, 495, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994)). Both documents contribute to this purpose by demonstrating the type of information about the NCLC that was of

interest to the FBI during its investigation of that organization.

 On the other hand, several other NCLC members who did not consent to being interviewed on the record by a journalist are mentioned by name in the interview notes. Revealing their past association with a controversial organization that was the subject of an FBI investigation could afford them considerable embarrassment. There is no discernible public interest in the disclosure of their identities; such disclosure would not significantly contribute to the public understanding of the operations of the government. Under the balancing test, "something, even a modest privacy interest, outweighs nothing every time." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C.Cir.1989); *see also Public Citizen Health Research Group v. U.S. Dep't of Labor*, 591 F.2d 808, 809 (D.C.Cir.1978) ("[A]ny invasion of privacy can prevail, so long as the public interest balanced against it is sufficiently weaker. The threat to privacy thus need not be patent or obvious to be relevant. It need only outweigh the public interest.") Therefore, the names and descriptions of all NCLC persons in this document, except for the two individuals interviewed, should be redacted.

### 2. Segregability Analysis

 The D.C. Circuit directed this Court to perform a segregability analysis on the two State Department documents to determine whether any nonexempt portions may be released. Under FOIA, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). "It has long been a rule in this Circuit that nonexempt portions of a document must be disclosed unless they are inextricably in-

tertwined with exempt portions." *Trans–Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1027 (D.C.Cir. 1999) (citing *Mead Data Cent., Inc., v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977)). This Court has already determined that defendant should release these two documents in their entirety, redacting only the names and descriptions of individuals mentioned in the "Notes on Interview" document. These names and descriptions remain exempt, and no portion of them may reasonably be separated for disclosure to plaintiff.

### B. The Two IRS Documents

The D.C. Circuit has also directed this Court to make segregability findings with respect to two IRS documents, namely, pages 117 and 128 of the Joint Appendix. Defendant heavily redacted page 117, citing FOIA exemptions 7(C) and 7(D). Page 128 was redacted in its entirety under exemption 7(C). Having inspected these documents in camera, this Court finds that both contain segregable nonexempt information that should be released.

 We turn first to page 128. Exemption 7(C) authorizes an agency to withhold information compiled for law enforcement purposes, "but only to the extent that the production of such [information] . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C) (1994). When an agency asserts this exemption, the district court must identify the privacy interests at stake, and balance them against the public interest in disclosure. *Computer Professionals for Social Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 904 (D.C.Cir.1996) (citing *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989)). The public interest in disclosure is determined

"by taking into account the nature of the requested document and its relationship to the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny." *Id.*

Ordering disclosure of the information on page 128 would further this public interest by providing the public with information about the official actions of an IRS agent. However, the public interest must be weighed against the substantial private interests potentially jeopardized by the release of such information. Page 128 contains the names and telephone numbers of an IRS employee and several private persons. Revealing the name of this IRS employee, as opposed to merely describing his or her activities, would constitute a serious invasion of privacy by subjecting him or her to potential harassment. A number of courts have held, under similar circumstances, that an IRS employee's interest in privacy outweighs any public interest in disclosure. *See Becker v. IRS,* 34 F.3d 398, 403–05 (7th Cir.1994) (upholding decision to redact initials, names, and telephone numbers of IRS employees under exemption 7(C)); *Kuzma v. IRS,* 775 F.2d 66, 69 (2d Cir.1985) (upholding deletion of names of IRS employees under exemption 7(C) because the "public interest in knowing the identity of these employees [was] too small to justify the serious invasion of their privacy interest entailed"); *Fischer v. IRS,* 621 F.Supp. 835, 837 (S.D.N.Y. 1985) (finding that the IRS "properly deleted" the names of IRS employees under exemption 7(C)); *Small v. IRS,* 820 F.Supp. 163, 168 (D.N.J.1992) ("IRS employees have a privacy interest in not having their names disclosed which outweighs the public interest in having their names and service identification numbers disclosed."). As for the identities of private persons, this circuit has categorically held that "unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1206 (D.C.Cir.1991). Apart from the names, telephone numbers, and other identifying information of these individuals, however, the information contained on page 128 does not fall within exemption 7(C). This Court finds that this latter portion is separable from the exempt information, and that it should be disclosed to plaintiff.

 Next, we turn to page 117. Defendant redacted the final line of the heading on this page, as well as large portions of the first paragraph, pursuant to exemption 7(C). The withheld information includes names and identifying marks of an FBI agent and an IRS employee. As explained above, exemption 7(C) protects the identity of IRS employees who are mentioned in records compiled for law enforcement purposes. The same holds true for FBI agents. *See Weisberg v. U.S. Dep't of Justice,* 745 F.2d 1476, 1491 (D.C.Cir.1984) (upholding decision to withhold names of FBI agents because the agents had a "legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives"); *Lesar v. U.S. Dep't of Justice,* 636 F.2d 472, 487 (D.C.Cir.1980) (upholding decision to withhold names of FBI personnel involved in investigation where "public identification of these individuals conceivably could subject them to annoyance or harassment"). These items were properly redacted under exemption 7(C). However, because the remainder of the paragraph is reasonably separable from this exempt information, it should be disclosed.

 Defendant also redacted the second paragraph in its entirety, citing exemptions 7(C) and 7(D). Exemption 7(D) authorizes the withholding of information compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D) (1994). However, defendant is not entitled to a presumption that any source from which it obtains information is a "confidential" source; instead, courts must make this determination on a case-by-case basis. *U.S. Dep't of Justice v. Landano,* 508 U.S. 165, 175, 179–80, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). The second paragraph does mention a person who provided the IRS with information; however, defendant has presented no evidence that this person "spoke with an understanding that the communication would remain confidential." *Id.* at 172, 113 S.Ct. 2014. Nor do any circumstances described in the document permit a reasonable inference of such an understanding. Without this prima facie showing, defendant's assertion that the information in the second paragraph is protected under exemption 7(D) cannot stand.

Exemption 7(C) does permit the redaction of names and identifying information of private persons in records compiled for law enforcement purposes, as explained above. Most of the paragraph, however, does not identify such persons and does not otherwise meet the requirements of exemption 7(C). To the extent that this information is segregable from the exempt portions, it shall be disclosed.

## C. Defendant's Motion for Summary Judgment

Defendant has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, summary judgment is appropriate in cases where there is no genuine dispute as to any material fact, and where the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the Court must view all evidence in the light most favorable to the non-moving party, but the non-moving party must proffer proper evidence to support any material factual assertions. *See Bennett v. Spear,* 520 U.S. 154, 168, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) ("[A] plaintiff must set forth by affidavit or other evidence specific facts to survive a motion for summary judgment ...")*.* Plaintiff opposes defendant's summary judgment motion on several issues, each of which this Court will address in turn.

## 1. State Department and IRS Documents

The D.C. Circuit vacated the decision of this Court denying partial summary judgment for plaintiff with respect to the two State Department documents and two IRS documents described above. Defendant subsequently submitted these documents for in camera review by this Court. Defendant now asserts that the IRS and State Department performed a proper segregability analysis with respect to these documents, and requests summary judgment on this issue. For the reasons set forth above, the Court hereby denies summary judgment in favor of defendant on this issue, and hereby grants summary judgment in favor of plaintiff on this issue.

## 2. Remaining Documents Withheld Under Exemption 7

The D.C. Circuit reversed this Court's grant of summary judgment with respect to the remaining documents withheld or redacted under exemption 7, and remanded to permit defendant to supplement its reasons for withholding these documents. Defendant has submitted a supplementary

declaration, and has moved for summary judgment, asserting that all remaining documents at issue in this case were properly withheld under exemption 7(D). Plaintiff opposes summary judgment on this issue only with respect to seven documents. It is to these documents that we now turn.

### a. PGM Document 2

Though defendant originally cited exemption 7(D) as its reason for redacting portions of this document, it has abandoned its reliance upon that exemption. In its reply brief, however, defendant stated that it planned to reprocess the document to withhold only information protected under exemption 7(C). It also stated that it would provide a copy of the reprocessed document to plaintiff by May 2, 2002. The Court has no record of defendant having provided such a document to plaintiff. Therefore, summary judgment will be denied with respect to this document.

### b. NCLC Document 92

■ This is a six-page memorandum describing a 1976 interview of two individuals at FBI headquarters regarding the activities of NCLC. Defendant has redacted the name and identifying information of one of the individuals under exemption 7(D), explaining that he is a confidential source who received an express grant of confidentiality.[1] This circuit recently clarified the burden that the government must meet when it withholds information under exemption 7(D) because of an express promise of confidentiality:

> [The government] must present probative evidence that the source did in fact receive an express grant of confidentiality. Such evidence can take a wide variety of forms, including notations on the face of a withheld document, the personal knowledge of an official familiar with the source, a statement by the source, or contemporaneous documents discussing practices or policies for dealing with the source or similarly situated sources. No matter which method the agency adopts to meet its burden of proof, its declarations must permit meaningful judicial review by providing a sufficiently detailed explanation of the basis for the agency's conclusion.

*Campbell v. U.S. Dep't of Justice,* 164 F.3d 20, 34 (D.C.Cir.1998) (internal citations and quotation marks omitted).

■ Defendant has failed to provide probative evidence that would lead this Court to believe that the source mentioned in this document received any promise of confidentiality. Defendant first notes that the source was assigned an "informant file number to which information reported by the source is filed." Declaration of Scott A. Hodes, Exhibit A, at 23. Of course, the mere fact that reports provided by a source have been assigned to a numbered file does not establish that he or she has been provided with assurances that the reports will remain confidential. Defendant goes on to state that "[a]s this source has been afforded a source file, his identity and information provided by him are granted an express grant of confidentiality," citing paragraphs 10–13 of the Hodes Declaration. *Id.* The Supreme Court has stressed, however, that the proper inquiry is "not whether the requested *document* is of the type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain confiden-

---

1. The name of the second source has also been withheld under exemption 7(D) as having received implied assurances of confiden- tiality. Plaintiff does not contest the withholding of identifying information relating to this second source.

tial." *U.S. Dep't of Justice v. Landano,* 508 U.S. 165, 172, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). The paragraphs cited do not establish that individuals provided with source files have been promised confidentiality. Instead, only two instances of sources who have received express assurances of confidentiality are mentioned: (1) sources mentioned in documents containing statements such as "who has requested that his identity be concealed" or "not to be disseminated outside your agency" and (2) "one commercial source who has a confidentiality agreement with the FBI." Declaration of Scott A. Hodes at 6–7. The six-page document contains no statements similar to the ones listed above, and defendant does not claim that this source is the "one commercial source" with whom the FBI has made a confidentiality agreement. Without an adequately detailed explanation of the reasons why the source's name is protected under exemption 7(D), this Court cannot permit defendant to continue to withhold such information. See *Billington III,* 233 F.3d at 584–85; *Campbell,* 164 F.3d at 34–35 (remanding where FBI declarant with no apparent personal knowledge of confidentiality agreement, merely asserted that such an agreement existed); *Voinche v. FBI,* 46 F.Supp.2d 26 (D.D.C. 1999) ("To properly invoke Exemption 7(D), . . . the FBI must present more than the conclusory statement of an agent that is not familiar with the informant.") (citing *Campbell,* 164 F.3d at 34); *Goldstein v. Office of Independent Counsel,* 1999 WL 570862 at \*13 (D.D.C.1999) (denying summary judgment because FBI declarant "never explains why he knows that certain persons were given express assurances of confidentiality and the documents themselves do not establish this").

**2.** The three documents are NY–196B–4052 Document 3, PH–196–1989 Document 1, and

#### c. Schiller Institute Documents 7 and 9

▉ In its reply brief, defendant withdraws its reliance on exemption 7(D) as its justification for redacting portions of this document. Defendant then seems to assert the following syllogism: all information previously withheld under exemption 7(D) was also withheld under exemption 7(C); this Court found (and the D.C. Circuit affirmed) that defendant's withholdings under exemption 7(C) were properly made; therefore, all the information was properly withheld. The problem is that this syllogism does not appear to comport with the facts. According to the FOIPA deleted page information sheets, a total of ninety-three pages were *jointly* withheld by defendant under both exemptions 7(C) and 7(D). Additionally, the portions of Schiller Document 7 that were released contain numerous redactions that defendant has designated only as 7(D) redactions. Therefore, summary judgment with respect to these documents is not appropriate at this time.

#### d. Portions of Documents No Longer Withheld Under Exemption 7(D)

▉ Defendant previously withheld portions of three documents under both exemptions 7(C) and 7(D), but now relies solely on exemption 7(C) to protect this information.[2] Defendant claims that because this Court previously found that all its exemption 7(C) withholdings were proper, and because the D.C. Circuit affirmed this Court's findings, no remaining factual issue exists with respect to any withholdings claimed to be protected under exemption 7(C), even if defendant also claimed protection for the same passage under 7(D). This reasoning is flawed because

PH–196B–1893 Document 4.

the scope of information protected by 7(C) does not precisely correspond to the scope of information protected under 7(D). In general, exemption 7(D) covers a relatively broad range of information, protecting as it does all "information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D) (1994). By contrast, exemption 7(C) protects only information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C) (1994). Because of this difference in scope, defendant may not simply assert exemption 7(C) to cover portions of documents that were jointly withheld under 7(C) and 7(D). Instead, it must first perform a segregability analysis to determine which of the withheld portions are not exempted by 7(C). Defendant shall then submit its segregability analysis for the Court's review. It shall also submit the three documents for this Court to review in camera and determine whether the segregability analysis was properly performed.

e. Withheld Information Concerning Forrest Lee Fick

■ In its reply brief, defendant withdraws its reliance on exemption 7(D) to protect information concerning FBI source Forrest Lee Fick. Instead, defendant asserts that the withheld information concerning Fick is protected under exemption 7(C). Plaintiff, however, claims that Fick waived his protection under this exemption when he admitted, in a 1986 newspaper interview, that he had served as an information source for the FBI. That claim is mistaken. In *Kimberlin v. Dep't of Justice,* 139 F.3d 944, 949 (D.C.Cir.1998), the D.C. Circuit found that the Justice Department properly withheld details about the investigation and punishment of an Assistant U.S. Attorney under exemption 7(C), despite the attorney's admission to the press that he had been investigated and reprimanded. The court explained that because "official confirmation of what has been reported in the press and the disclosure of additional details could reasonably be expected to constitute an unwarranted invasion of [his] personal privacy," the attorney retained a privacy interest "in avoiding disclosure of the details of the investigation, of his misconduct, and of his punishment." *Id.* Similarly, although Fick may possess a diminished privacy interest under 7(C) because he disclosed his status as an FBI informant to a member of the press, he nevertheless retains an interest in keeping secret the substance of his disclosures to the FBI. The difficulty in balancing this privacy interest against the public interest is made easy by the lack of any public interest at stake; as stated above, "something outweighs nothing every time." *Horner,* 879 F.2d at 879. However, as noted above, defendant will be required to determine whether any portions of these three documents are reasonably segregable from the sections protected by exemption 7(C) and should therefore be disclosed.

## III. CONCLUSION

For the reasons set forth herein, this Court finds that defendant must release selected portions of the State Department and IRS documents at issue in this case that were previously withheld. Additionally, the Court finds that defendant's motion for summary judgment should be granted in part and denied in part. A separate order shall issue this date consistent with the foregoing opinion.