Sandra FORTSON, Plaintiff,

v.

Francis J. HARVEY, Secretary of the Army, and the United States Department of the Army, Defendants.

No. CIV.A.01–2540 RJL.

United States District Court, District of Columbia.

March 15, 2005.

James Klimaski, Klimaski & Associates, PC, Washington, DC, for Plaintiff.

Joel Eric Wilson, U.S. Attorneys Office, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

This matter comes before the Court on defendant's motion for summary judgment. The action concerns a request made by the plaintiff, Major Sandra Fortson, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for documents in possession of the defendants, Francis J. Harvey,[1] and the United States Department of the Army (collectively "defendants" or "Army"), pertaining to an equal opportunity ("EO") complaint made by the plaintiff against her supervisors. The defendants released a substantial portion of the material responsive to plaintiff's FOIA request, but determined that some of the responsive material is not releasable. The defendants have moved for summary judgment based on their determination that some of the documents withheld are not "agency records" under FOIA, and that the remaining documents are subject to two FOIA exemptions. Upon consideration of defendants' motion, plaintiff's opposition, defendants' reply, plaintiff's surreply, the motion hearing, and the entire record in this case, the Court finds that defendants' motion should be **GRANTED** in part and **DENIED** in part.

## I.  BACKGROUND

The documents that plaintiff seeks in her FOIA request were created or compiled by Colonel Denise Vowell, the Chief Trial Judge of the U.S. Army Trial Judiciary, during her investigation into an equal opportunity complaint ("EO complaint") that the plaintiff filed against her supervisors. Declaration of Lieutenant Colonel Robin N. Swope ("Swope Decl.") attached to Defs. MSJ, p. 3. Brigadier General Michael J. Marchand, the U.S. Army Legal Services Agency ("USALSA") commander, appointed Colonel Vowell to investigate plaintiff's EO complaint pursuant to Army Regulation 15–6. *Id.* Colonel Vowell interviewed witnesses and collected

---

1. Former Secretary of the Army, Thomas White, was originally named in this action. The Court has replaced Mr. White with his successor, Francis J. Harvey, because Mr. White resigned during the pendency of this action. Fed. R. Civ. P. 25(d)(1).

written witness statements during the investigation. *Id.* The investigation culminated with Colonel Vowell's Report of Investigation ("ROI" or "report"), which she submitted to General Marchand for his approval. *Id.*

In her FOIA request, plaintiff specifically sought all documents related to Colonel Vowell's investigation, including complete copies of the ROI, the witness statements, and all written notes and documented interviews and conversations regarding the investigation. Compl. ¶ 5. In response to plaintiff's FOIA request, defendants released 446 pages of unredacted records and thirty four pages of partially redacted records. Swope Decl., p. 4. The documents withheld by the defendants can be categorized as follows: (1) the notes Colonel Vowell produced during her investigation; (2) the portion of the ROI report submitted by Colonel Vowell that General Marchand did not approve; and (3) witness statements taken by Colonel Vowell during the investigation of plaintiff's EO complaint. For the following reasons, the Court finds that the Army properly withheld Colonel Vowell's notes and the ROI report. However, the Court finds that the witness statements were improperly withheld, and must therefore be disclosed.

## I. ANALYSIS

Plaintiff asks this Court to order defendants to disclose certain requested records. The defendants moved for summary judgment on grounds that Colonel Vowell's notes are not "agency records;" that portions of the ROI report are exempt from disclosure under 5 U.S.C. § 552(b)(5) ("deliberative process privilege" or "exemption 5"); and that the witness statements are exempt from disclosure under 5 U.S.C. § 552(b)(6) ("similar files exemption" or "exemption 6"). Defs. MSJ, pp. 2–8. Summary judgment is appropriate in cases where there is no genuine dispute as to

any material fact, and where the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In a FOIA case, an agency is entitled to summary judgment where it demonstrates that documents are not subject to FOIA's disclosure requirements. *Exxon Corp. v. F.T.C.,* 663 F.2d 120, 126 (D.C.Cir.1980).

## A. Colonel Vowell's Personal Notes are Not "Agency Records" Under FOIA.

The defendants withheld 256 pages of responsive documents based on their determination that these documents are Colonel Vowell's "personal records" and not "agency records" subject to disclosure. Swope Decl., p. 5. Federal district courts cannot compel an agency to disclose documents, unless those documents constitute "agency records" under FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *Bureau of Nat'l Affairs, Inc. v. U.S. Dep't of Justice,* 742 F.2d 1484, 1488 (D.C.Cir.1984). In making this determination, the Court considers the following four factors: "(1) the intent of the creator to retain or relinquish control over the records; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record system or files." *Tax Analysts v. U.S. Dep't of Justice,* 845 F.2d 1060, 1069 (D.C.Cir.1988). In the final analysis, the Court must consider whether a document can be considered an "agency record" under the totality of the circumstances. *Bureau of Nat'l Affairs, Inc.,* 742 F.2d at 1492–93. For the following reasons, the Court finds that Colonel Vowell's notes are personal records and not subject to disclosure under FOIA.

Plaintiff contends that the notes are "agency records" because the Army requires its investigators to keep copies of all personal notes produced during an EO investigation. Pl.'s Opp., p. 6. The defen-

dants accurately observe, however, that the Army's guidelines for these investigations establish advisory rather than binding procedures for conducting administrative investigations. Defs. Reply, p. 7. Moreover, the use and storage of the notes weigh in favor of finding that the notes were Colonel Vowell's personal records as well. Colonel Vowell did not submit the notes to the approving authority for consideration during the investigation and therefore they were not relied upon by another party. Swope Decl., p. 5. Indeed, she stored the notes in manila file folders labeled "Investigating Officer correspondence with SF" and "rough notes," and relied on them only to refresh her own memory. *Id.* at 5–6; Pl.'s Opp., p. 8. Accordingly, the Court finds that the purpose for which the notes were created, the degree of integration of the notes in the Army's general filing system, and the extent to which other Army personnel used the notes to evaluate the EO complaint all support a finding that the notes were for personal convenience and therefore are not "agency records." *See, e.g., Bureau of Nat'l Affairs, Inc.,* 742 F.2d at 1496 (concluding that appointment calendars for individual officials in the Department of Justice were not "agency records" where they were created for the personal convenience of individual officials so that they could organize both their personal and business appointments).

**B. Non–Disclosed Portions of Colonel Vowell's Investigative Report are "Pre–Decisional" and Properly Exempted Under Exemption 5.**

■ Pursuant to the "deliberative process privilege," 5 U.S.C. § 552(b)(5), the defendants withheld certain draft material and the excerpt of Colonel Vowell's report that General Marchand did not approve. Swope Decl., p. 7; Pl.'s Opp., p. 6. To determine whether a document is protected by the deliberative process privi-

lege, our Circuit Court looks to whether the document is "pre-decisional." *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854, 866–67 (D.C.Cir.1980). A document is "pre-decisional" if it is "prepared in order to assist an agency decision-maker in arriving at his decision . . . ." *Formaldehyde Inst. v. U.S. Dep't of Health & Human Servs.,* 889 F.2d 1118, 1122 (D.C.Cir.1989) (quoting *Renegotiation Bd. v. Grumman Aircraft,* 421 U.S. 168, 184, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975)). Although the privilege does not protect records that are purely factual, "[t]o the extent that pre-decisional materials, even if 'factual' in form, reflect an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter, they are protected under Exemption 5." *Petroleum Info. Co. v. U.S. Dep't of the Interior,* 976 F.2d 1429, 1435 (D.C.Cir.1992). Documents such as drafts, recommendations, proposals, and suggestions that reflect the personal opinions of the author rather than the policy of the agency are protected under this privilege. *Id.*

■ Plaintiff argues that the Army Regulation 15–6 investigation of the EO claim does not qualify as a deliberative process because Colonel Vowell's superiors must either accept or reject her factual findings rather than engage in a discussion of legal and policy matters. Pl.'s Opp., p. 5. The Court disagrees. The report was designed for Colonel Vowell to relay her findings and recommendations to General Marchand, who would make the ultimate decision regarding plaintiff's EO complaint. Swope Decl., p. 3. The non-disclosed portions of the report reflect elements of the decision-making process because they contain Colonel Vowell's investigative findings and/or recommendations that were submitted to General Marchand for his approval. The disclosure of this type of information could chill an investigating officer's willingness to engage

in an open discussion with their superior officers with respect to their findings of fact and recommendations when investigating EO complaints. *See Formaldehyde Inst.*, 889 F.2d at 1122 ("A pre-decisional document is a part of the 'deliberative process,' if the disclosure of [the] materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.") (internal quotations and citations omitted). Accordingly, the Court finds that the Army properly withheld the non-disclosed portions of the report pursuant to exemption 5.

## C. The Witness Statements Compiled by Colonel Vowell During Her Investigation of Plaintiff's EO Complaint Were not Properly Withheld under Exemption 6.

■ The Army withheld certain witness statements compiled by Colonel Vowell based on its determination that these records are within the purview of FOIA exemption 6. Swope Decl., p. 8–9; Defs. MSJ, pp. 7–8. They argue that disclosing these statements would unfairly invade the witnesses' privacy rights because the statements were made by the plaintiff's peers and subordinates and that releasing these statements may jeopardize the witnesses' promotional opportunities, favorable personnel evaluations, or create an otherwise hostile work environment. Defs. MSJ, pp. 7–8; Defs. Reply, p. 8; Swope Decl. p. 9. The Court disagrees.

Exemption 6 permits the government to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The phrase "similar files" has been broadly defined to include the witness statements at issue because the phrase encompasses "any government records on an individual which can be identi-

fied as applying to that individual." *See U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982) (emphasis added). However, the government may only invoke exemption 6 when the privacy interest at stake outweighs the public interest in disclosure. *Billington v. U.S. Dep't of Justice*, 245 F.Supp.2d 79, 85 (D.D.C.2003). In the final analysis, however, our Circuit Court instructs to "tilt the balance (of disclosure interests against privacy interests) in favor of disclosure." *Washington Post Co. v. U.S. Dep't of Health & Human Servs.*, 690 F.2d 252, 261 (D.C.Cir.1982).

In this case, the Army has not demonstrated that the witnesses' individual privacy interests outweigh the public interest in disclosing the information. The witnesses' privacy interest in their statements is minimal, particularly when the government has already released the names of those persons who gave statements to Colonel Vowell during the investigation of the plaintiff's EO complaint. *See* Pl.'s Surreply, p. 2. The potential harm in disclosing the statements advanced by the Army (e.g., unfavorable personnel evaluations and work place harassment) is pure speculation and therefore an insufficient basis for withholding the statements. *See Dep't of the Air Force v. Rose*, 425 U.S. 352, 380 n. 19, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) ("The legislative history is clear that Exemption 6 was directed at threats to privacy interests more palpable than mere possibilities."); *Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 391 (D.C.Cir. 1987) (stating that "[w]ithholding information to prevent speculative harm" is contrary to FOIA's pro-disclosure policy). Moreover, witness statements made during a discrimination investigation are not the type of information that exemption 6 is designed to protect. *See Sims v. C.I.A.*, 642 F.2d 562, 574 (D.C.Cir.1980) (stating that exemption 6 was meant to protect personal information and not business-re-

18

lated information and that personal embarrassment was not a sufficient reason to withhold the information). Accordingly, the Court finds that the Army has not demonstrated that the witness statements were properly withheld pursuant to exemption 6.

## ORDER

For the reasons set forth herein, it is, this 15th day of March, 2005, hereby

**ORDERED** that the defendants' motion for summary judgment [# 7] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that defendants release the witness statements at issue in this case that were previously withheld.

**SO ORDERED.**